No. 107.—Edward B. Young, assignee &c., plaintiff in error vs. James Harrison, and another, administrators, &c., defendants in error.

[1.] By the 7th section of the Act of January 1852, it is provided,  "That when any cause shall be sent back to the Superior Courts by the Supreme Court, the same shall be in  order for trial  at the first Term of  the said  Superior Court next after the decision of the said Supreme Court.  And when either party may have exhausted their continuances on the appeal, the said Superior Courts shall have full power and authority to grant one continuance to said party, as the ends of justice may require."

*Held,* that the party is entitled to one continuance only, under the Act.

[2.] While the bills, answers and exhibits, in an equity case, can prove nothing of themselves, as to what was adjudged between the parties, still they are admissible in evidence, as the foundation for the decree, as without them the decree itself could establish nothing, and the whole may be offered together or consecutively.

Young vs. Harrison.

[3.] Questions that have been directly made and solemnly adjudicated by this Court, between the same parties, cannot be brought up on another writ of error for reviewal.

Assessment of damages, in Randolph Superior Court. Tried before Judge KIDDOO, November Term, 1856.

The Irwinton Bridge Company, under their charter, granted by the Legislature of the State of Georgia, at November Session 1837, were authorized to appropriate the land necessary for an abutment for their bridge on the Georgia or east bank of the Chattahoochee river; and a proceeding was authorized to ascertain and assess the value thereof; in the event of a disagreement between said Company, and the owners of said land.

The parties not being able to agree, the persons selected as appraisers, assessed the damages at *ten dollars.*

The owners of the land,—the Harrisons—appealed to the Superior Court, and at April Term, 1854, of said Court, the jury assessed the damages at $13 07. To this verdict, and the rulings and decisions made by the Court during the trial, Young, the appellant, excepted, and the case coming up before the Supreme Court, the same was reversed and sent back for a new trial. *See* 17 *Geo. Rep.,* p. 30.

The case again came on to be heard in the Superior Court of Randolph county at November Term, 1857, and being submitted to a jury, they returned a verdict in favor of the Harrisons, the owners of the land, for twelve thousand dollars.

Plaintiff in error moved for a new trial, on the following grounds:

1st. Because the Court erred in refusing to allow respondent to continue the case upon sufficient showing submitted: The Court holding that by the 6th section of the Act of January, 1852, said case having been once continued for providential cause, and once by respondent since it had been sent

back by the Supreme Court. Respondent was not entitled to any other or further continuance.

2d. Because the Court erred in rejecting as evidence, the Bill in Chancery, with the answers and exhibits thereto, offered in evidence by respondent.

3d. Because the Court erred in admitting all that part of the testimony of David Kaigler, John McNabb, Jacob Smith and others, having reference to the value of the town property in the city of Eufaula, and the increase or decrease of the trade of Eufaula by reason of the building of said bridge.

4th. Because the Court erred in refusing to allow the respondent to ask Daniel Kaigler, if he had been called upon at the time the Irwington Bridge Company first occupied the land to appraise the same as a bridge site, at what sum he would have valued it.

5th. Because the Court erred in refusing, when asked by counsel for respondent, to charge the jury, that the Harrisons are entitled to recover damages, or the value of the land as a bridge site, to be estimated by its condition or value when the Act of incorporation was passed, or prior to the builng of the bridge. The Court charging the proper time to be, when the site was taken by the company. Second, in refusing to charge, that said damages or value is to be estimated without taking into consideration the franchise or right to build and have the bridge; that while the title to the land was in the Harrisons, the franchise or right to build the toll-bridge was in the State, and there remained until the Act of incorporation conferred it upon the Bridge Company, and that said grant to the company does not in law enhance the value of the location as a bridge site to the Harrisons. Third, in refusing to charge, that the Harrisons were entitled to recover the damages or value of a bridge site, and for all other purposes to which they could appropriate it, except and irrespective of the franchise or right to build the bridge. Fourth, in refusing to charge, that the increased or decreased value

of the other parts of the Harrisons' land because of the building of the bridge, for ware-house, wharfs and other purposes, and the increased or decreased value of the property in Eufaula, is not to be taken into consideration to increase or diminish the damages or value of the land on which the bridge is built. Fifth, in refusing to charge, that the extreme western boundary of the Harrisons' land is at the top of the river bank—the eastern bank. Sixth, in refusing to charge, that high water mark on the eastern bank of the river is the boundary. Seventh, in refusing to charge, that the boundary is at low water mark on the eastern bank. Eighth, in refusing to charge, that it is at the middle or thread of the river. Ninth, in refusing to charge, that in estimating the value of the site, as a bridge site to the Bridge Company, they are to take into consideration the building, rebuilding, repairing and keeping in repair and maintaining the bridge, and that they are also at liberty to take into consideration the nature of the investment, its risks &c., in consequence of fire, water and decay.

[The Judge did charge the jury, that they might consider what the building and repairing ought reasonably to have cost.—KIDDOO, J.]

6th. Because the verdict is contrary to law.

7th. Because the verdict was contrary to evidence.

8th. Because the damages are excessive.

9th. Because the damages assessed are unauthorized by the evidence in the case.

The presiding Judge refused the motion for a new trial, and counsel for respondents excepted.

HINES HOLT, for plaintiff in error.

SEABORN JONES, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was the Court right in refusing the continuance in this case ?

It seems that the continuances of Young were exhausted before the case was heretofore brought to this Court. It had been continued twice at his instance since it was sent back; one of the times for Providential cause. Was the party, under these circumstances, entitled to another continuance ? The ground upon which the application was made does not appear in the bill of exceptions. In the rule nisi for a new trial, it is assumed that it was upon a sufficient showing. But this motion was disallowed by the Court. The Judge can hardly be said, therefore, to have sanctioned the correctness of this assumption. In *Hatch vs. The State,* 18, *Ga. Rep.* 460, will be found this remark. "Perhaps the Court was not sufficiently guarded in the remarks made concerning the taking down of the testimony, if *indeed they were made.* They are not in the bill of exceptions proper, but appear by way of recital in one of the grounds taken for a new trial, whether the motion being overruled, the Judge is to be understood as endorsing the truthfulness of all the facts assumed in the application for a new trial, is somewhat questionable."

The doubt thus intimated, is considered not at all questionable by my brother; and it would seem to be hardly fair to a Judge, to hold him responsible for the truth of the facts stated in a rule nisi merely, which has been disallowed by the Court.

But waiving this conclusion, what is the proper construction to be put upon the Act of 1852, pamphlet p. 214. The 6th section provides that, "when any cause shall be sent back to the Superior Court, by the Supreme Court, the same shall be in order for trial at the first Term of the said Superior Court, next after the decision of the said Supreme Court, and where either party may have exhausted their continuances on the appeal, the said Superior Court shall have full power and au-

thority to grant one continuance to said party, as the ends of justice may require."

I know not that language can speak plainer than this does. If one means one, then the Court has discharged its duty under the law.  Were it necessary to justify the reasonableness of the statute, it were easy to do so.  But when the words of an act are so plain and palpable, I have always felt that it was unjust to its authors to make an argument to vindicate it.  The will of the Legislature must in all such cases, stand for a reason.

[2.] Young, the respondent then offered in evidence, the original bill in equity, (between these parties) answers, and exhibits (copies of which are attached to the bill of exceptions and made a part of the brief of the testimony,) to the admissibility of which appellants objected, which objection was sustained by the Court.  It is to be regretted that this exception is not more fully presented, both as it respects the object for which the testimony was offered, as well as the ground upon which it was objected to, and ruled out by the Court.  From the argument, we infer that the respondent, Young, sought to introduce this record, that it might be relied on as a bar to any other or further recovery by the Harrisons, either as compensation for their land, or damages by way of mesne profits. It was clearly not admissible for this purpose in this proceeding.  In this view of it, therefor , the objection was well taken, and the rejection of the record by the Court was proper. But while we hold that it was not admissible to be used as an estoppel, still we think it was competent testimony in mitigation of damage ; for the verdict should have been for the value of the land at the time it was taken, with interest thereon to the date of the judgment.  If however, the owners have already received fifteen hundred dollars on this account, and the record may serve to establish that fact, then the present verdict if found upon the above basis, should be diminished to say the least of it by that amount.

Upon a suggestion which fell from one of the Court,  the

ruling of the Circuit Judge is sought to be maintained, because the decree rendered on the bill referred to, was not tendered in evidence, as a part of the record, and it is true that the bill of exceptions specifies only that the bill, answer and exhibits were offered. That the decree was intended to be included, is more than probable. It comes up in the transcript of the record or rather in the brief of testimony, annexed to the bill of exceptions. But take the case literally as it is written, and concede that the decree was omitted, still, the bill, answer and exhibits were legal proof, so far as they went, and were indispensably necessary to lay the foundation for the decree. The testimony might have been offered altogether, or in detached parcels. Without the bill, answer and exhibits, the decree of itself would have established nothing; no more than those pleadings would, without the . decree. The defect would have been supplied instanter, for the decree was a part of the record. At any stage of the case, the oversight could have been remedied ; we feel assured from this, that the omission to mention the decree, was not the ground upon which the record was objected to or repelled.

Taking the case then as it stands, and considering the materiality of this evidence, we feel constrained, however reluctantly, to send this back for another hearing, unless the appellants will write off from their judgment all antecedent judgments for the value of their land, as well as damages for the use and occupation of the same ; and we do this, not because we are dissatisfied with the verdict on the score of excessiveness, but upon the strictly legal view which we have attempted to present of it.

We shall decline entering upon the discussion of any of the other points made in this record. Not that they have been overlooked, on the contrary we have traced carefully the history of this litigation from its origin to the present time.— We have analyzed each case, as heretofore exhibited in the reports of this Court, the points made and decided ; so as to ascertain accurately the true state of this protracted con-

Young vs. Harrison.

troversy. But we find that many of the exceptions are unimportant, such as those relating to the testimony of Kaigler, McNab, Smith and others; many of them are untenable and are *res adjudicata* between the parties, and consequently improper to be brought up in another writ of error for the judgment of this Court—such as the rights of the riparian proprietors, &c. We regret to see the attempt so frequently made to evade, under some pretence or another, the judgment of this Court already solemnly pronounced between the same parties in the cause.

Should this case be retried, I would take occasion to observe that while the opinion in 17*th Georgia Reports page* 30 was designed merely to amplify and illustrate the views of the Court in the 9th volume, page 359, still to avoid the confusion, inconvenience and embarrassment resulting from entering into such minutia of details, we would advise that the witnesses be examined, simply and directly as to the whole worth of the land taken from the Harrisons, by the Irwinton Bridge Company, and for all purposes to which it may be appropriated. The witnesses in forming their opinion, have the right to cast over in their mind all the circumstances which should influence them in making the estimate. That is a matter for them, under the rules of law, as laid down by this Court. To the value thus ascertained, and to be computed at the time the property was seized, should be added, the interest to the date of the trial, and this, in the judgment of this Court will be the true criterion and basis of the verdict to be rendered.

Judgment reversed with directions