CENTRAL GEORGIA POWER COMPANY v. CORNWELL.

ATKINSON, J. The Central Georgia Power Company, as owner and con-
troller of a water-power at Capps and Lloyd Shoals on the Ocmulgee
river in Jasper and Butts counties, was engaged in constructing a dam
thereon and a power plant for generating electricity by water. W. C.
Cornwell owned a tract of land adjoining the river some distance above
the shoals. For the development of the enterprise it was necessary to
overflow a portion of this land. Condemnation proceedings were insti-
tuted for the right so to do, and an award was rendered from which an
appeal was taken to the superior court. The power company, being
dissatisfied with the verdict, made a motion for new trial and excepted
to the judgment overruling the motion. *Held:*

1. There was evidence that the land sought to be taken was valuable not
only for agricultural purposes but because it was peculiarly adapted to,
and necessary for, the development of water-power at the shoals of the
river. This evidence authorized the charge: "In estimating the market
value of the property taken for public use, all of the capabilities of the
property, and all of the uses to which it may be applied, or for which
it is adapted, are to be considered, and not merely the condition it is
in at the time and the use to which it is then applied by the owner."
*Gate City Terminal Co.* v. *Thrower,* 136 *Ga.* 456 (71 S. E. 903) ; *Young*
v. *Harrison,* 17 *Ga.* 30.

(*a*) Nor was the charge erroneous on the ground that it was argumenta-
tive and intimated an opinion that the property in question was capable
of being adapted to some more valuable use than the one to which it
was being applied.

2. In stating the contentions of the parties the court inadvertently alluded
to the condemnor as the defendant, and to the condemnee as the plain-
tiff, but, taken in connection with the entire charge, the statement was
not likely to have misled the jury. Under these circumstances it will
furnish no ground for a new trial. *Becker* v. *Donalson,* 138 *Ga.* 634 (5),
645 (75 S. E. 1122).

3. In the improvement contemplated by the plaintiff, a ferry affording
access to a particular market was necessarily destroyed. There being
evidence to this effect, it was not erroneous to charge: "The defendant
contends that the construction of the improvement of the plaintiff has
made the balance of the property less accessible to market. You will
look to the evidence, see what the evidence shows with this respect, see
whether or not this change in the situation of the property has affected
the market value of the property." *Central Georgia Power Co.* v. *Stone,*
139 *Ga.* 416 (77 S. E. 565).

4. During the course of the argument counsel for the condemnee made cer-
tain remarks to which exception was taken by counsel for condemnor.
The court ruled that the remarks were improper, and thereupon counsel
for condemnee announced a withdrawal in the presence of the jury. In
view of the character of the remarks, and the action taken by the court,
this was not sufficient ground for a new trial.

5. Both parties introduced evidence tending to establish the market value of
the land sought to be condemned. The condemnor introduced a bond

for title, given by the condemnee to a third person, for the purchase of a part of the land for a given price. It was competent for the condemnee to reply to this evidence by showing that the price fixed in the contract of sale was in further consideration that the condemnee and his family should have certain ferry privileges. This testimony was not objectionable on the ground that it sought to vary a written contract, and concerned a parol agreement not to be executed within a year.

6. The evidence authorized the verdict, and there was no abuse of discretion in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*
April 27, 1914.

Condemnation of land. Before J. E. Pottle, judge pro hac vice. Jasper superior court. January 23, 1913.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman* and *W. S. Florence,* for defendant.