## 39447. HOUSING AUTHORITY OF THE CITY OF MARIETTA v. YORK.

CARLISLE, Presiding Judge. 1. Where in a condemnation case the property sought to be condemned is shown to be part of a larger tract being acquired by the condemnor for the purposes of urban renewal or urban redevelopment, and where the evidence shows that the acquisition of the particular property is part of a comprehensive plan for clearing out the area, widening and relocating streets, and redeveloping the area by selling the property to private or corporate purchasers for the purpose of developing light industry or the erection of new homes, an instruction by the court that, "If at the time the property sought to be condemned was to be estimated, it was known or anticipated that certain improvements would be made in the locality where the property was situated, and this fact serves to enhance the market value of the property, the owner would be entitled to the actual market value as affected by the reason of the fact that it was known or anticipated that such improvements are to be made by the condemning party," was not erroneous as against the contention that it was neither authorized by the pleadings or the evidence

or that it submitted an improper and illegal matter for the jury's consideration in arriving at a verdict on the question of value. *Gate City Terminal Co. v. Thrower,* 136 Ga. 456 (3) (71 SE 903).

2. Neither was such charge erroneous in that it amounted to an intimation to the jury trying the case that there were in fact known or anticipated improvements to be made by the condemnor since the instruction began by telling the jury that *"if"* the improvements were to be made in the locality they might take that fact into consideration in considering whether such anticipated improvements would enhance the market value of the property. *Gray v. Junction City Mfg. Co.,* 195 Ga. 33 (2) (22 SE2d 847).

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED APRIL 30, 1962—REHEARING DENIED MAY 16, 1962.

*Edwards, Bentley, Awtrey & Bartlett, Fred E. Bartlett, Jr.,* for plaintiff in error.
*Holcomb & McDuff, Robert E. McDuff,* contra.