21930. HARD v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

ARGUED MAY 14, 1963—DECIDED MAY 29, 1963—
REHEARING DENIED JUNE 10, 1963.

76

Hurt, Baird & Peek, J. Corbett Peek, Jr., for plaintiff in error.
David H. Gambrell, Charles Kirbo, King & Spalding, Charles
L. Gowen, John Izard, R. Byron Attridge, contra.

Wm. G. Grant, Robert L. Spears, Heyman, Abram, Young,
Hicks & Maloof, Eugene Cook, Attorney General, Carter Goode,
E. J. Summerour, Assistant Attorneys General, Harold Sheats,
Standish Thompson, R. M. Reed, Edward B. Liles, B. N. Night-
ingale, for parties at interest not parties to record.

DUCKWORTH, Chief Justice. The one question for decision is
whether or not, upon the trial of a condemnation proceeding on
appeal, evidence showing that the value of the subject property
has been enhanced, by the general knowledge, for a number of
years that a large area, including it, would be taken for urban
renewal, and much of the other property has been taken and
slums cleared therefrom, is admissible in fixing its value. The
demand of the Constitution, Art. I, Sec. III, Par. I, that "just
and adequate compensation" be first paid is imperative. *Code
Ann.* § 2-301; Const. of 1945. It means that such payment
cover its value at the time of taking.

It would seem that the numerous decisions of this court and
the Court of Appeals, including *Young v. Harrison*, 17 Ga. 30;

*Young v. Harrison,* 21 Ga. 584, 591; *Gate City Terminal Co. v. Thrower,* 136 Ga. 456 (71 SE 903); *Central Ga. Power Co. v. Cornwell,* 141 Ga. 643 (81 SE 882); *Smith v. City of Atlanta,* 22 Ga. App. 511 (96 SE 334); *Georgia Power Co. v. Carson,* 46 Ga. App. 612 (167 SE 902); *State Highway Bd. v. Shierling,* 51 Ga. App. 935 (181 SE 885); *Housing Authority of the City of Dublin v. Curry Realty Co.,* 86 Ga. App. 527 (71 SE2d 898); and *Housing Authority of the City of Marietta v. York,* 106 Ga. App. 41 (126 SE2d 246); all of which uniformly conform to the Constitution, should put at rest all questions concerning the time and manner of fixing the value of private property when taken for public purposes. But the decision of the Court of Appeals in the present case is a complete departure from its own decisions, as well as the decisions of this court. The *York* case, supra, is identical with the instant case. Both involve actions by the respective housing authorities in taking private property for urban renewal. Both involve land included in the urban renewal, and both involve the identical question stated at the beginning of this opinion. There, a charge in the exact language of *Gate City Terminal Co. v. Thrower,* 136 Ga. 456 (3), supra, was held not to be error. That court now attempts to distinguish that case upon the ground that there, evidence of enhanced value, because of the known plan for including the subject land in the urban renewal, was admitted without objections, while here, there was no such evidence. There is testimony in this record as follows: "And it had affected its value with the tearing out of all the rest of this property, and not knowing what was going in but knowing that it was to be cleaned up and taken up did affect and did increase the value of the entire area." And to the question asked of the same witness on cross examination: "Now it is your testimony, I believe, that the cleaning up of this area and the knowledge that urban renewal was coming through here has increased or improved values, is that what your testimony is?" The answer: "Generally yes." Thus it would appear that the sole basis for the distinction is invalid.

Looking now to what this court has ruled, we consider first *Young v. Harrison,* 17 Ga. 30 (1) as follows: "*Held,* that the

value and damage, at the time the land was taken, was the thing to be ascertained; but that to discover this, the jury were authorized to look to the prospective value of the property as a bridge site, and to take that into consideration also, in determining what it was then worth." A request to overrule that decision was expressly denied in *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, supra, at page 467. In *Young v. Harrison*, 21 Ga. 584, at page 591, it was said: "We would advise that the witnesses be examined, simply and directly as to the whole worth of the land taken from the Harrisons, by the Irwinton Bridge Company, and for all purposes to which it may be appropriated. The witnesses in forming their opinion, have the right to cast over in their mind all the circumstances which should influence them in making the estimate." That means that the witnesses in this case should take into account the purposes for which it may be appropriated, including urban renewal, as well as *the circumstances which should influence them in making their estimate,* which could properly include the removal of slums and cleaning off the surrounding area.

The Court of Appeals recognized that their ruling was in conflict with *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, supra, except for the fact that a factual distinction existed. They said there was not in the *Thrower* case, as is true here, a "particular and identifiable tract of land which it was contemplated would be condemned." There the owner of the subject property instituted injunction proceedings in 1906 to prevent the taking of this property, and the condemnation occurred in 1907, about eight months later. A witness testified that: "In the next twelve months the railroad had done a lot of grading, and I think they owned all but one piece of property around there, and . . . that piece was worth $15,000, for Mr. Thrower held the key to the situation. That the railroad had to have that piece of property, is one reason why it was the key to the situation; . . ." Another witness testified that: "I thought it possible that the railroad might have to have the property; that entered into the valuation of it; that was one of the points putting a valuation on it." Therefore this particular identifiable tract of land was unquestionably contemplated to be condemned. Hence the attempted distinction is thus shown to be invalid.

Coming now to what was held in *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, supra, we find it well expressed in headnote 3, which is precisely the charge on which the Court of Appeals reversed this case. It is: "If, at the time the market value of the property sought to be condemned was to be estimated, it was known or anticipated that certain improvements would be made in the locality where the property was situated, and this fact served to enhance the market value of the property, the owner would be entitled to the actual market value as affected by reason of the fact that it was known or anticipated that such improvements would thus be made. This is true though the projected improvements were to be made by the condemning party." There as here the improvements were to be made by the condemnor. There as here the subject property was expected to be taken by the condemnor and used in the process of improvement. There as here it was known or contemplated for considerable periods of time before the taking that the particular identifiable property would be taken as a part of the contemplated improvement. In neither case could the owner expect to share in the benefits resulting from the devotion of the property to the public use. At page 466 in the *Thrower* case, it is said that a witness testified: " 'The fact that a railroad would come in there and want that property had a splendid effect on that property as to price.' " This evidence was objected to upon the grounds: (1) irrelevancy and that (2) the benefit this property would derive on account of the railroad coming could not be considered as an element in enhancing the value of the property of which the landowner could take advantage against the condemning railroad company. This court ruled: "The testimony above quoted was admissible, and not subject to either of the objections made thereto. The market value of the property on April 20, 1907 [date of taking], was the measure of compensation to be awarded to Thrower. Prior to this time the railroad company 'had graded out along side of the property' to be taken. One witness testified: 'We knew pretty well where they were going to locate the railroad'." The *Thrower* case was decided in 1911, and both reviewing courts have recognized it as the established law since that time. In

*Central Ga. Power Co. v. Cornwell,* 141 Ga. 643 (1), supra, where land was taken to construct a dam, and there was evidence showing that the land sought to be taken was valuable not only for agricultural purposes, but because it was peculiarly adapted to and necessary for the development of water power at the shoals of the river, this court held that the evidence authorized the following charge " 'In estimating the market value of the property taken for public use, all of the capabilities of the property, and all of the uses to which it may be applied, or for which it is adapted, are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner,' " citing *Gate City Terminal Co. v. Thrower,* 136 Ga. 456, supra. That ruling requires that evidence showing the property taken adaptable for the use for which the condemnor was taking it admissible in estimating its value. It requires a holding here that the charge allowing evidence that the subject property was adaptable to the use in the urban renewal for which it was taken was not erroneous.

While it might be difficult to see how knowledge of this impending taking of this particular property for urban renewal would enhance its value, yet that is conceivable, and testimony to that effect can not be rejected. Anything that actually enhances the value must be considered in order to meet the demands of the Constitution that the owner be paid before the taking, adequate and just compensation. Since the date for fixing value was after the inclusion of this land in the announced intention to take it, it had no market value except in contemplation of the condemnation award, thus confronting the court with the necessity of either changing the date of valuation as the Court of Appeals did—which is flatly forbidden by the Constitution—, or rejecting the standard of market value in favor of a hypothetical value based on the utterly fallacious assumption that it will remain in private ownership adjacent to the improvement; or do as the trial court did, allow proof of any element, including knowledge of the impending urban development, that entered into fixing its value right up to the time it was taken. This latter rule is the only constitutional course open to the court.

A brief filed on behalf of the State quotes extensively from Orgel On Valuation Under Eminent Domain (1953). But it fails to quote as did an opposition brief from Volume 1, page 433, Footnote 16 of the same authority, the following: "In some cases all enhancement in value resulting from the improvement is expressly and unqualifiedly allowed. Gate City Terminal Company versus Thrower, 136 Ga. 456, 71 S. E. 903 (1911), was apparently a case of this kind." Able counsel for the Housing Authority cite numerous cases from other jurisdictions, apparently holding contrary to the *Thrower* case, and assert that only Georgia has that rule. We have not examined the constitutional provisions of those jurisdictions to determine if they differ from ours, but for the reasons hereinbefore stated, we follow what we conceive to be the rule in Georgia. To such contentions we would reply further by paraphrasing a statement of a great President who once said, "Everybody is against me—everybody except the people," by saying that all the decisions are against what we hold—all except the controlling decisions of the courts of Georgia. On this point in *Green v. Coast Line R. Co.*, 97 Ga. 15, at pages 36 and 37 (24 SE 814, 33 LRA 806, 54 ASR 379), this court said: "Every direct authority known to us is against us; nevertheless, we are right and these authorities are all wrong, as time and further judicial study of the subject will manifest."

The Court of Appeals erred in holding that the charge excepted to was error.

*Judgment reversed. All the Justices concur.*