40105.   CIVILS v. FULTON COUNTY.

DECIDED NOVEMBER 15, 1963—REHEARING DENIED DECEMBER 13 AND DECEMBER 20, 1963.

794

*Northcutt & Edwards, W. S. Northcutt,* for plaintiff in error.
*Harold Sheats, Paul H. Anderson, George H. Gillon,* contra.

BELL, Presiding Judge. ■ This appeal was first brought to the Supreme Court where, by a full-bench decision, it was held that, "The contention in a case that portions of a charge of the court were erroneous for stated reasons and thus deprived movant of due process of law and equal protection of the laws in violation of stated provisions of the Constitution does not make it one of those cases 'that involve the construction of the Constitution of the State of Georgia' within the meaning of the Constitution, Art. VI, Sec. II, Par. IV *(Code Ann.* § 2-3704)." *Civils v. Fulton County,* 218 Ga. 705 (130 SE2d 220).

■ The forty-plus pages covering special grounds 4, 5, and 6 of the plaintiff in error's motion for new trial involve only two essential contentions for determination although, as to be expected from so much verbiage, there are some variations on the themes. As we view the case, both the essentials and the variations are controlled by the holdings which we apply to the theories upon which they are all founded. These two basic theories arise from the error asserted on those portions of the trial court's instructions regarding the manner in which the jury would be authorized to treat the effect of the zoning regulations of the City of College Park which instructions are quoted in full in the preceding factual summary of the case.

■ The first contention is that these instructions restricted the jury's consideration, in determining value of the property taken, of possible uses to which the triangular *portion* of the property condemned could be applied.

The fallacy of this contention is that the condemnee seeks to sever a portion of the property from the whole parcel condemned and to theorize on the enhancement in value which the severed portion gained by reason of the taking of the remainder. This supposition cannot be sanctioned.

The whole parcel to be taken from the one owner in this one condemnation proceeding may not be subdivided after the commencing of the suit so as to invoke the benefit of a possible enhancement of value of the divided portions because of the general knowledge, which might be gained from the mere filing of

the action, that the whole may be taken for an improvement. Such a result is not within the purview of the rule considered in *Hard v. Housing Authority of the City of Atlanta*, 219 Ga. 74 (132 SE2d 25). Neither *Hard* nor *Young v. Harrison*, 17 Ga. 30 (1), nor *Gate City Terminal Co. v. Thrower*, 136 Ga. 456 (71 SE 903), nor *Housing Authority of the City of Marietta v. York*, 106 Ga. App. 41 (126 SE2d 246), implies this possibility or goes so far. The factual situation here is inversely different from that in *State Hwy. Bd. v. Bridges*, 60 Ga. App. 240 (3 SE2d 907), where a small strip of land of one owner was not included in a condemnation although the ruling here is in complete harmony with the one there. The just and adequate compensation required to be paid by the condemnor for the *property taken* means for all of it taken from the one owner in the one condemnation proceeding. The whole includes all of its parts.

It is unnecessary for us to consider the contentions based on this untenable premise.

■ The second basic contention raised by these grounds is that all of the property taken was suitable for public airport purposes, as shown by the evidence, and this purpose could not be subjected irretrievably to the zoning restrictions of the City of College Park. For this reason, it is urged, the trial court erred in charging the jury on the effect of the zoning regulations in the language quoted in our factual summary, as these instructions deprived the jury of the right to consider the use of the land being condemned for public airport purposes in fixing its value.

This contention has no merit for the simple reason that the trial court's instructions did not have the restrictive effect urged.

This ruling upon the effect and consideration to be accorded by a jury upon municipal zoning regulations as they may bear upon market value in a condemnation proceeding is one of first impression in this jurisdiction.

It has long been the policy of the Georgia appellate courts to be liberal in allowing matters to be considered by the jury which might affect their collective mind in determining the just and adequate compensation to be paid the condemnee. In Georgia the condemnee is entitled to recover for the value of property based on its special adaptability for uses, *Young v. Harrison*, 17

Ga. 30 (1), supra; *Ga. Power Co. v. Carson,* 46 Ga. App. 612 (167 SE 902) ; *State Hwy. Bd. v. Shierling,* 51 Ga. App. 935 (181 SE 885), and, unlike most jurisdictions, including those which can only be effectuated by an authority with the power of condemnation. *Hard v. Housing Authority of the City of Atlanta,* 219 Ga. 74, supra; *Housing Authority of the City of Marietta v. York,* 106 Ga. App. 41, supra. In short, the Georgia courts have permitted almost any possibility to be submitted to the jury which might shed light on the true value of the property, subject only to the limitations that the matter must not be merely remote or speculative and its consideration must be authorized by the evidence.

In view of this liberal policy of the courts, we can see no reasons why existing zoning regulations should not be pertinent in a condemnation proceeding. "Insofar as existing zoning restrictions circumscribe the available uses to which land may be devoted they unquestionably affect the market value of property. . . ." Nichols, The Law of Eminent Domain, 3d edition, Sec. 12.322, p. 237. The courts' liberal policy must also require, as stated by the trial judge in his charge, that where there "is a possibility or probability that the zoning restrictions may in the near future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value . . . such possible change in zoning regulations must not be remote or speculative." Cf. Nichols, supra, Sec. 12.322 (1). Further, "It is generally held that although an ordinance may prohibit the use of the property for certain purposes at the time of condemnation, yet if there is a reasonable probability that the ordinance may be changed or an exception made, the value for that purpose as affected by the existing ordinance may be considered." Orgel on Valuation under Eminent Domain, Vol. 1, § 34, p. 167. See generally on the subject of zoning regulations in condemnation proceedings: State Roads Commission of Md. v. Warriner, 211 Md. 480 (128 A2d 248, 250 (2), 251 (6-8), 252 (9) ) ; Hall v. City of West Des Moines, 245 Iowa 458 (62 NW2d 734, 739 (11) ) ; Andrews v. City of Dallas, (Tex. Civ. App.) 232 SW2d

753; Kansas City v. Aronson, (Mo.) 282 SW2d 464; Kissinger v. City of Los Angeles, 161 Cal. App.2d 454 (327 P2d 10); Long Beach City High School District of Los Angeles County v. Stewart, 30 Cal.2d 763 (185 P2d 585); Inwood Hill Park v. City of N. Y., 243 NYS 63 (230 App. Div. 41); Board of Commissioners v. Tallahassee Bank and Trust Co., (Fla. App.) 108 S2d 74; Swift & Co. v. The Housing Authority of the City of Plant City, (Fla. App.) 106 S2d 616.

We approve the three paragraphs of the trial court's charge as quoted in the factual summary here as being correct legal statements, adjusted properly to the evidence and to the nature of the proceeding before it. These particular instructions did not preclude or restrict the jury's consideration of the value of the property for airport purposes, for there was ample evidence, as the condemnee admits, to authorize the jury's consideration of that use in fixing the value of the property. This same evidence, we must add, is quite sufficient within the framework of the trial judge's charge to have authorized the jury to conclude that there was present a reasonable possibility or probability of a change in the existing zoning regulations. The charge was full and fair in all respects, and there is no error in those portions complained of.

There is no merit in special grounds 4, 5, and 6 of the motion for new trial.

■ In special ground 7 the condemnee assigns error on the trial judge's refusal to charge a written instruction which he requested.

The request to charge is faulty for a number of reasons, but it will suffice to point out that it, too, is tainted with the erroneous supposition discussed in Division 2 (a) of this opinion and was not an accurate pronouncement of the law. The request was properly refused. *Norris v. State,* 184 Ga. 397 (2) (191 SE 375); *Wilson v. Brock,* 134 Ga. 782 (68 SE 497); *Cleland v. Low,* 32 Ga. 458.

In the condemnee's brief, the general grounds are said to rest upon the arguments offered on the special grounds. They have no merit.

*Judgment affirmed. Hall and Pannell, JJ., concur.*