S02G1269. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY v. WATSON.
(577 SE2d 769)

HUNSTEIN, Justice.

The Unified Government of Athens-Clarke County instituted special master condemnation proceedings to acquire approximately 50 acres of land owned by appellee Billy Watson, which was zoned for single family development. The special master awarded Watson $479,940 as the actual market value of the property. Both parties appealed the award to the superior court. At trial, Watson presented evidence that the property previously had been zoned for multi-family residential use and expert testimony that there was a probability that the property would be rezoned for multi-family residential use. The jury awarded Watson $2,775,000 as just and adequate compensation for the taking of the property. The Court of Appeals affirmed, finding no error in the admission of the experts' testimony under the standard set forth in *Civils v. Fulton County*, 108 Ga. App. 793 (134 SE2d 453) (1963). See *Unified Government of Athens-Clarke County v. Watson*, 255 Ga. App. 1 (564 SE2d 453) (2002). We granted the Unified Government's petition for certiorari to determine whether the evidence as recited by the Court of Appeals improperly implied that evidence of highest and best use, standing alone, satisfies the *Civils* standard. For the reasons that follow, we affirm.

The standard to be applied in determining the admissibility of evidence of a probable change in zoning is well-established:

> [W]here there "is a possibility or probability that the zoning restrictions may in the near future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value [provided] such possible change in zoning regulations must not be remote or speculative." [Cit.]

*Civils*, supra, 108 Ga. App. at 797 (2) (b). A trial court's decision to admit evidence regarding the likelihood of rezoning will not be disturbed in the absence of a manifest abuse of discretion. *Hall County v. Merritt*, 233 Ga. App. 526 (1) (504 SE2d 754) (1998).

In this case, Watson presented evidence demonstrating that the property is located in an area one mile from downtown Athens and within walking distance of the University of Georgia. The area immediately surrounding the property is zoned single-family residential, although the surrounding homes were described as deteriorated; the general area is mixed use, including multi-family, commercial and governmental tracts of land. Several experts opined that based on their review of the property and surrounding areas and with knowledge of the current zoning status of the property, there was a reasonable or high probability that the property would be rezoned for multi-family use. The experts' testimony thus comported fully with *Civils*, supra, and the trial court did not abuse its discretion in admitting this evidence.

Our review of the Court of Appeals' opinion reveals, however, that although the Court of Appeals cited *Civils*, it also repeatedly discussed the experts' testimony in light of the "highest and best use" of Watson's property, without considering this testimony in the context of Watson's evidence showing that a probability existed that his property could be rezoned to this usage. The language in the opinion thus implied that evidence of a usage not permitted under the property's zoning was, standing alone, admissible in this case. That is not the law. Testimony about the "highest and best use" of property, by itself, is not admissible when it involves a use precluded by applicable zoning regulations in effect as of the date of taking of the property. For such evidence to be admissible, the condemnee must show that a change in zoning to allow the usage is probable, not remote or speculative, and is so sufficiently likely as to have an appreciable influence on the present market value of the property. *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992); *Civils*, supra, 108 Ga. App. at 797 (2) (b). Accordingly, while we disapprove the language used by the Court of Appeals, we affirm its conclusion that the trial court did not abuse its discretion in admitting evidence of a possible change in zoning of the subject property.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 2003.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., McLeod, Benton, Begnaud & Marshall, William C. Berryman, Jr.,* for appellant.

*Fortson, Bentley & Griffin, J. Edward Allen, Richard L. Ford, Jr.,*

for appellee.

*Dwyer, White & Sapp, Anne W. Sapp*, amicus curiae.