## A09A1843. DEPARTMENT OF TRANSPORTATION
## v. JORDAN et al.
### (684 SE2d 141)

ANDREWS, Presiding Judge.

On appeal from the judgment entered on a jury's condemnation award of $400,000 to property owner Nora Ann Jordan, the Georgia Department of Transportation (DOT) argues that the trial court erred when it admitted evidence of value in light of a possible rezoning of Jordan's property and when it charged the jury on the subject. We disagree and affirm.

On appeal from a trial court's entry of judgment on a jury's verdict in a condemnation action, "this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict." (Punctuation omitted.) *Dept. of Transp. v. Petkas*, 189 Ga. App. 633, 641 (9) (377 SE2d 166) (1988). The *Petkas* court also noted, however, that

> this principle has no application in the consideration of enumerations wherein the trial court's evidentiary rulings are asserted to be erroneous. Resolution of questions of fact by the jury does not insulate the trial court's legal rulings on the admissibility of evidence from appellate scrutiny. If the jury was allowed to find facts based upon evidence which was erroneously admitted or in the absence of evidence which was erroneously excluded, the judgment entered on that verdict must be reversed.

Id. But the rule that the erroneous admission of evidence mandates reversal is itself subject to reasonable limitation: we do not reverse unless the erroneously admitted evidence was *material*.

> [M]inor errors in the admission or rejection of testimony do not warrant a reversal of the judgment sustaining the verdict of the jury. It is incumbent upon the reviewing court to determine if the mistake was of sufficient magnitude to require a new trial. Thus, a judgment entered upon a jury's verdict will not be reversed simply because improper opinion testimony relating to minor details in a case is admitted in evidence.

(Citations and punctuation omitted.) *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 812-813 (3) (227 SE2d 418) (1976).

So viewed, the record shows that Jordan's family had owned the Sandy Springs residential lot at issue for more than 30 years before the initiation of this condemnation action. At the time of taking, Mrs.

Jordan owned the property individually and as a trustee for herself and her heirs.

At trial, Jordan presented evidence concerning the property's value from two witnesses: Blan Jordan, the owner's son, and Dennis Carr, a real estate appraiser. Blan Jordan testified that according to his comparable sales analysis, and taking into account his familiarity with the neighborhood, the fair market value of the property as currently zoned was $480,000. DOT made no objection to this valuation testimony at trial, and fails to mention it on appeal.

Arguing that Carr's deposition testimony had improperly assumed that the property would be rezoned, DOT moved to bar Carr from testifying as to the property's rezoned value because the rezoning was not "probable." See *Unified Govt. &c. v. Watson*, 276 Ga. 276, 277 (577 SE2d 769) (2003) (for valuation testimony to be admissible, "the condemnee must show that a change in zoning to allow the usage is probable, not remote or speculative, and is so sufficiently likely as to have an appreciable influence on the present market value of the property"). The trial court denied the motion. Carr then testified that the highest and best use of the property had three forms: (i) as currently developed, with a value between $353,250 and $392,500; (ii) as cleared for redevelopment under current zoning, with a value of $399,422; and (iii) as redeveloped under a higher category of residential zoning, with a value of $535,400. Carr testified that rezoning was possible rather than probable, but declined to be more specific as to the likelihood of that rezoning.[1] Carr also testified that based on these three possible outcomes, his best estimate of the value of the property was $400,000.

DOT moved to strike that portion of Carr's testimony concerning the value of the property as rezoned. The trial court denied the motion. DOT also asked to replace the pattern charge concerning the *possibility or probability* that the property may be rezoned in the future to permit the use in question,[2] which it considered "inapt," with its own charge authorizing evidence only as to probability. The trial court delivered the pattern charge over DOT's objection, and the jury returned a verdict of $400,000. The trial court entered judgment on the verdict and denied DOT's motion for new trial.

DOT's arguments amount to a single assertion that the admission of a property's value in light of a merely "possible" rezoning, first authorized by *Civils v. Fulton County*, 108 Ga. App. 793 (134

---

[1] DOT's construction of Carr's testimony on this point is belied by the record.

[2] See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 14.270.

SE2d 453) (1963), is no longer viable in light of *Watson*. We disagree.

*Watson* repeatedly quotes and cites *Civils* with approval, as when it states the "well-established" standard for determining "the admissibility of evidence of a *probable* change in zoning":

> Where there "is a *possibility or probability* that the zoning restrictions may in the near future be repealed or amended so as to permit the use in question, such likelihood may be considered if the prospect of such repeal or amendment is sufficiently likely as to have an appreciable influence upon present market value [provided] such possible change in zoning regulations must not be remote or speculative." [Cit.] *Civils*, supra, 108 Ga. App. at 797 (2) (b). A trial court's decision to admit evidence regarding the likelihood of rezoning will not be disturbed in the absence of a manifest abuse of discretion. *Hall County v. Merritt*, 233 Ga. App. 526 (1) (504 SE2d 754) (1998).

(Emphasis supplied.) *Watson*, 276 Ga. at 276-277. The rezoning at issue here was "sufficiently likely as to have an appreciable influence on the present market value of the property," id. at 277, even if Carr estimated that influence as adding less than $600 to the maximum estimated value under current zoning. And "the jury was not bound to accept the testimony" of any single witness concerning the value of the property, "but was at liberty to consider the evidence placed before it and exercise its own knowledge and ideas." *Dept. of Transp. v. Sconyers*, 151 Ga. App. 824, 825-826 (261 SE2d 728) (1979). It follows that the trial court did not abuse its discretion when it allowed Carr to testify concerning the possible rezoned value. See *Watson*, 276 Ga. at 277 (trial court "did not abuse its discretion in admitting evidence of a possible change in zoning").

More important, any error was immaterial in light of the testimony by Blan Jordan that the property was worth $480,000 as currently zoned. DOT did not object to the introduction of this evidence, and any objection would have been meritless because a witness "need not be an expert or dealer" in real property, "but may testify as to its value if he has had an opportunity for forming a correct opinion." OCGA § 24-9-66; see also *Perry v. Perry*, 285 Ga. App. 892, 893-894 (1) (648 SE2d 193) (2007) (reversing the trial court's grant of a motion for new trial as to damages when a witness was authorized to testify concerning his opinion of the value of the house he lived in for many years, even if that opinion was based on hearsay).

Finally, a trial court's approval of a jury's verdict as to damages "creates a presumption of correctness that cannot be disturbed on

appeal absent compelling evidence, and a reviewing court is power-less to interfere unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means." (Punctuation omitted.) *Dickey v. Clipper Petroleum*, 280 Ga. App. 475, 479-480 (4) (634 SE2d 425) (2006). The jury's award was well within the range of the undisputed and competent evidence before it. See *Ideal Leasing Svcs. v. Whitfield County*, 254 Ga. App. 397, 401 (562 SE2d 790) (2002).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 27, 2009 —
RECONSIDERATION DENIED SEPTEMBER 17, 2009

*Weiner, Yancey, Dempsey & Diggs, Thomas C. Dempsey, Neil M. Monroe*, for appellant.

*Pursley, Lowery & Meeks, Charles N. Pursley, Jr., Christian F. Torgrimson*, for appellees.