**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 6, 2014**

# In the Court of Appeals of Georgia

A13A2420. ADC INVESTMENTS, LLC v. DEPARTMENT OF
    TRANSPORTATION.

MCMILLIAN, Judge.

In this condemnation action, ADC Investments, LLC ("ADC") appeals the trial court's partial grant of summary judgment, precluding ADC from presenting evidence about an anticipated stream of income from a changeable, digital billboard which ADC claims would likely have been installed on the condemned property. The Georgia Department of Transportation ("DOT"), on the other hand, asserts that ADC's damages are limited to the value of the property as it existed on the date of the taking, i.e., with a static billboard, since zoning ordinances at the time barred the construction of a digital billboard on the site. Based on our review of the record, we reverse and remand for further proceedings consistent with this opinion.

The facts are largely undisputed.[1] This condemnation action involves a 25-square foot parcel of real property located in the City of Lawrenceville, Gwinnett County, Georgia, near the intersection of Highway 316 and State Route 20. The only improvement on the property on the date of the taking, February 11, 2011, was a static, double-faced billboard. An entity related to ADC, Crown Media, LLC ("Crown Media") owned the property. In 2003, Crown Media leased the site to ADC under a 99-year lease (the "Lease"), and ADC in turn subleased the parcel to The Lamar Company, LLC[2] ("Lamar"). The sublease commenced on the same date as the Lease and also had a 99-year term (the "Sublease"). As of the date of the taking, the Lease and the Sublease both had remaining terms of approximately 91 years.

The Sublease provided for a minimum fixed guaranteed annual rent payable from Lamar to ADC and also provided for an alternative rent calculation whereby Lamar would pay ADC 25 percent of its net revenues if such amounts exceeded

_____

[1] We review a grant of partial summary judgment under a de novo standard of review and construe the evidence in the light most favorable to the nonmovant. See *Thornton v. Georgia Farm Bureau Mut. Ins. Co.*, 297 Ga. App. 132, 132 (676 SE2d 814) (2009).

[2] Lamar is not a party to this appeal, and it appears that Lamar separately settled its claims with the DOT.

$12,000 per year. The Sublease also authorized Lamar to alter or replace the billboard structure itself during the term of the Sublease.

As of the date of taking, the City of Lawrenceville had in place an outdoor advertising sign ordinance which specifically prohibited digital signs in all zoning districts, except for non-profit entities under certain circumstances. However, on February 7, 2011, four days before the taking, the City of Lawrenceville, in a meeting of the Mayor and Council, conducted a "first reading" of an amendment to the ordinances that would specifically permit digital signs under certain circumstances, and less than four months after the date of taking, the City of Lawrenceville amended its sign ordinances to permit digital advertising at certain sites, including the corridor abutting ADC's property. Nine months after the taking, the City of Lawrenceville authorized Lamar to erect a digital billboard within 100 feet of and immediately adjacent to the site.[3] A Lamar executive also testified that Lamar would have located a digital billboard upon the ADC property but for the condemnation. During discovery, ADC presented expert testimony about the anticipated stream of income from the digital billboard and its potential effect on the value of its leasehold interest.

---

[3] It appears that the new digital billboard was permitted to resolve unrelated litigation between the City of Lawrenceville and Lamar.

3

In advance of trial, DOT moved for partial summary judgment, asserting that ADC should not be able to present evidence on this anticipated future income stream because the site should be valued as of the date of taking and the conversion to digital was impermissibly remote and speculative. The trial court agreed, and this appeal followed.

1. In three related enumerations of error, ADC asserts that the trial court erred in granting partial summary judgment to DOT, thereby precluding ADC from recovering just and adequate compensation as a result of the taking.[4] See Ga. Const. of 1983, Art. I, Sec. III, Par. I (a). In conducting this de novo review of the grant of summary judgment, we keep this principle in mind: "It has long been the policy of the Georgia appellate courts to be liberal in allowing matters to be considered by the jury which might affect their collective minds in determining the just and adequate compensation to be paid the condemnee." (Citation and punctuation omitted.) *Gwinnett County v. Ascot Investment Co.*, 314 Ga. App. 874, 877 (2) (726 SE2d 130) (2012).

---

[4] This protection against the taking of private property for public purposes without just and adequate compensation extends to leasehold interests such as those possessed by ADC. See *The Lamar Co., LLC v. State*, 256 Ga. App. 524, 525 (1) (568 SE2d 752) (2002).

4

But this liberality is not without its bounds. In the context of evidence of zoning changes that could affect value, our Supreme Court has held that "[f]or such evidence to be admissible, the condemnee must show that a change in zoning to allow the usage is probable, not remote or speculative, and is so sufficiently likely as to have an appreciable influence on the present market value of the property." *Unified Government of Athens-Clarke County v. Watson*, 276 Ga. 276, 277 (577 SE2d 769) (2003) (relying on *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380) (1992) and *Civils v. Fulton County*, 108 Ga. App. 793, 797 (134 SE2d 453) (1963)). See also *Dept. of Transp. v. Jordan*, 300 Ga. App. 104, 105-106 (684 SE2d 141) (2009). Moreover, when considering a different potential use for a condemned property:

> The fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation; it must be shown that such use of the property is so reasonably probable as to have an effect on the present value of the land.

(Citation omitted.) *Dept. of Transp. v. Patten Seed Co.*, 290 Ga. App. 532, 532 (1) (660 SE2d 30) (2008). See also *Woodland Partners Ltd. Partnership v. Dept. of Transp.*, 286 Ga. App. 546, 550 (3) (650 SE2d 277) (2007).

5

2. With these principles in mind, we turn now to the primary issues in this case – whether it was reasonably probable and sufficiently likely that the City of Lawrenceville's sign ordinances would have been amended to allow a digital billboard, that once permitted it was reasonably probable that Lamar[5] would have converted the static billboard to digital, and that such changes would have had an appreciable impact on the value of the property at the time of taking.

With respect to these issues and in opposition to the motion for partial summary judgment, ADC propounded evidence of: (1) a high demand for digital advertising in the area surrounding the property; (2) the property was particularly suited for digital advertising;[6] (3) four days before the date of taking, the City of

---

[5] DOT argues that because ADC did not have the right to convert the billboard to digital, evidence of the likelihood that Lamar would construct a digital billboard on the site is too remote and speculative. DOT, however, discounts Lamar's testimony about its intentions and fails to recognize that under the Sublease, the value of ADC's leasehold interest is tied to the rents that Lamar is able to earn from whatever billboard is on the site.

[6] DOT argues that ADC witness Ronald J. DeThomas, Jr. offered contradictory testimony when he stated at deposition that he did not know whether the City of Lawrenceville allowed digital signs in February 2011 and later testified by affidavit that before February 2011 he had looked into converting the billboard to digital. Consequently, DOT calls into question the validity of the remainder of Mr. DeThomas' testimony under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). But we do not find this testimony to be contradictory and therefore decline to apply the *Prophecy* rule. See *Bradley v. Winn-Dixie Stores*, 314

6

Lawrenceville began the process of amending its sign ordinances to allow for digital billboards and the ordinances were actually amended nine months after the taking; (4) after the sign ordinances were amended, Lamar constructed a digital billboard within 100 feet of the condemned property and adjacent to the property; and (5) a Lamar executive testified that Lamar preferred the ADC property as a location for the digital billboard and would have converted the billboard to digital, but for the condemnation. Moreover, ADC produced expert testimony showing that the present market value of its leasehold interest would be significantly impacted with a digital billboard in place.

Based on this record, we find that genuine issues of material fact exist as to the reasonable probability that the sign ordinances would have been amended and the billboard converted to digital and that these changes would have an appreciable impact on the present market value of ADC's property interest. See *Watson*, 276 Ga. at 277 (trial court did not abuse discretion in permitting experts to opine "that based on their review of the property and surrounding areas and with knowledge of the current zoning status of the property, there was a reasonable or high probability that the property would be rezoned for multi-family use"); *Hall County v. Merritt*, 233 Ga.

---

Ga. App. 556, 559 (724 SE2d 855) (2012). Moreover, we note that the *Prophecy* rule applies to that portion of the testimony that is purportedly contradictory and does not permit the court to ignore the testimony given by any particular witness in toto.

7

App. 526, 526 (1) (504 SE2d 754) (1998) (allowing testimony that property was a suitable site for a private landfill, that the county was already operating a landfill in close proximity to the condemned property, and that private landfills were an increasingly common alternative for local governments); *Ga. Power Co. v. Cole*, 141 Ga. App. 806, 807 (1) (234 SE2d 382) (1977) (allowing evidence of plans to develop land for a mobile home park when owner testified that he investigated development costs, other mobile home parks were operating nearby, there was a demand for additional parks, and the property was particularly well suited for that use).

DOT argues that the re-zoning and conversion of the billboard are too remote and speculative to be considered as a matter of law. But we find the cases relied upon by DOT to be distinguishable. Those cases involve unimproved land which the condemnee claimed should be valued as if subdivided and developed, *Dept. of Transp. v. Benton*, 214 Ga. App. 221 (447 SE2d 221) (1994); *Woodland Partners*, 286 Ga. App. at 550-551, or anticipated lost profits from a business that had yet to be established, *Davis Co., Inc. v. Dept. of Transp.*, 262 Ga. App. 138 (584 SE2d 705) (2003); *Flint v. Dept. of Transp.*, 223 Ga. App. 815 (479 SE2d 160) (1996). In this case, ADC has a long-term leasehold interest that anticipates possible alteration of the billboard in existence on the date of taking.

8

DOT further asserts that even if the conversion to a digital billboard was reasonably probable, ADC's expert evidence is inadmissible because "the jury cannot evaluate the property as though the new use were an accomplished fact; the jury can consider the new use only to the extent that it affects the market value *on the date of taking*." (Citation and punctuation omitted; emphasis in original.) *Woodland Partners*, 286 Ga. App. at 550 (3). But our review of ADC's experts' deposition testimony reveals that they opined about the present market value of ADC's leasehold interest and used discounts to account for the time it would take to convert the billboard as well as generally discounting the stream of anticipated income. *Patten Seed*, 290 Ga. App. at 534 (1) (noting that the valuation experts had discounted for the fact that the commercial use had not been effectuated). As a result, we find that the trial court erred to the extent that it granted summary judgment on this basis.[7] See *Ascot Investment*, 314 Ga. App. at 878.

Accordingly, for the foregoing reasons, we reverse the partial grant of summary judgment and remand for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Andrews, P. J., and Dillard, J., concur.*

---

[7] We caution that nothing in this opinion is intended to limit DOT's cross-examination of ADC's witnesses at trial on these grounds.