HARVARD LAW SCHOOL LIBRARY.

## MAY v. ELAM.

1. **Jury: CHALLENGE: ACTUAL BIAS.** The action of the court below in rejecting a juror under a challenge for actual bias will not be disturbed unless it be clearly shown that the discretion confided to the court by the statute has been abused.

2. —— **RULE APPLIED.** The rejection of a juror because he had, as plaintiff, a similar case pending in the same court against another party, was held not erroneous.

3. —— So, too, the rejection of another juror, who was shown to be an old acquaintance of the plaintiff and to have received from him a full and circumstantial account of his case, and that he believed all the plaintiff stated, etc.. but that he had no opinion whether plaintiff was right or wrong, was held not erroneous.

*Appeal from Appanoose District Court.*

THURSDAY, JUNE 24.

CHALLENGE TO JURORS: ACTUAL AND IMPLIED BIAS, ETC. Action for assault and battery, and for slander, in which

there was a jury trial, with verdict and jugdment for the defendant. The plaintiff appeals.

The only error complained of is the the action of the court sustaining defendant's challenge for cause to two persons called by the sheriff as jurors.

*Harris & Drake* and *H. H. Trimble* for the appellant.

*Perry & Townsend* for the appellee.

DILLON, Ch. J. — Our statute, with respect to the competency of persons to serve as jurors, divides bias into two kinds : First, implied bias ; second, actual bias. The first is such bias "as when the fact is ascertained" the "law disqualifies the juror" without further inquiry into the actual state of his mind. For example, "consanguinity or affinity within the ninth degree to the adverse party," is made a ground of challenge for implied bias. If the fact of such consanguinity or affinity is established, the law *implies* the bias, and the person is not qualified to serve as a juror if objection be made, although the court might, upon examination, be of opinion that he would act with entire impartiality. Revision, §§ 3039, 3040. The grounds of implied bias are specified.

*JURY: challenge: actual bias.*

The grounds of actual bias are not, and indeed could not well be, enumerated. The statute defines " actual bias to be the existence of a state of mind on the part of the juror in reference to the case, *which, in the exercise of a sound discretion*, leads to the inference that he will not act with entire impartiality." Section 3039. The existence of such a state of mind is declared by the statute to be good cause of challenge. The court is made the trior of a challenge (§ 3042), and must exercise " a sound discretion." § 3039.

Unless this discretion be clearly shown to have been abused by the court below, its action will be sustained.

Upon a careful examination of the record it is our opinion that the appellant has not made it appear, with the requisite affirmative force, that the court below did not exercise a sound discretion in sustaining the challenge to the proposed jurors.

It does not appear that the persons rejected as jurors were of the regular panel. From the bill of exceptions it may be inferred that they were called by the sheriff from the bystanders. Twelve good and lawful men were subsequently impaneled as a jury. They tried the case. The appellant makes no objection to them; and does not ask for a new trial on the ground that their verdict was wrong. His only point is, that, in forming the jury, a challenge was improperly sustained to two of the persons called into the jury box by the sheriff. Conceding, without deciding, that such action of the court would, if plainly erroneous, be a ground for reversal, still in such a case the abuse of the discretion of the court, in order to work such a result, ought to be palpable and manifest. One of the proposed jurors was rejected, because he had, as plaintiff, " a similar case pending in the same court, claiming damages," etc. The charge against the defendant was, in fact, that he had slandered the plaintiff in applying to him an epithet of a political character peculiarly opprobious. If the proposed juror had been slandered in the same way, and had a suit, particularly one arising out of the same transaction, pending for it (with all of which facts the court below would ordinarily be more conversant than this court), we cannot say that the court did not exercise wisely the discretionary power committed to it by sustaining the challenge. So much depends upon the nature and the especial circumstances of the case, that no definite rule can be laid down, the true inquiry being the state of mind of the proposed juror, and that state must be such, in order to make him competent, as

to lead to the inference that he will act with *entire impartiality.*

It is not difficult, in general, to obtain jurors of whose impartiality there can be no doubt. If there is any fair doubt on this head concerning a person called into the jury box, it is better to let him stand aside and call another.

The rejection of the other proposed juror was, also, in our judgment, a fair exercise of the court's discretion. He was an old acquaintance of the plaintiff, had received quite a full and circumstantial account of the plaintiff's case and his injuries from the plaintiff himself, said the plaintiff looked pale, that plaintiff told him the cause, viz., the stab or cut, for which, in part, this suit was brought, that he believed all the plaintiff had stated, and concluded in his own mind that the plaintiff had been injured, and that his paleness resulted therefrom, etc. He also stated that he had no opinion whether the plaintiff was right or wrong in the fight or battle which had taken place at Wells' Mill.

If the District Court believed from all the circumstances before it that the juror's mind had received such a bias from the account he had received from the plaintiff, and the credit which he avowed he attached to it, as to lead to the inference that he would not act with entire impartiality, we cannot say that that inference was unwarranted, much less can we say that there is a plain and manifest abuse of discretion of the District Court. Had the court overruled the challenge, and were the other party complaining of its action, we would not have interfered.

It is only necessary to add that the appellant's counsel are mistaken in supposing that the court sustained the challenge for *implied* bias. The cause of challenge was for actual and not implied bias, as these terms are employed in the statute.                                    Affirmed.