## DONALDSON *vs.* COTHRAN, administrator, *et al.*

1. On a motion for a new trial by the plaintiff, because the verdict is too small and cannot- be sustained by any view of the facts for the sum found by the calculation of the jury:

*Held*, that if it be found by any one calculation authorized by law and evidence, whether it be the same adopted by the jury or not, the verdict can be sustained, then this court will not control the discretion of the presiding judge in overruling the motion for the new trial.

2. On a suit against six joint and several makers of a note, where some had paid off their shares of principal and interest due at the time paid, by agreement with the payee, the said payments ought to be applied to the *pro rata* of principal as well as interest due by the makers so paying their shares; and that the verdict against all the defendants for the balance due after said payments are so credited, is legal and valid, and ought to be upheld, especially where the evidence as to how many of the shares which have been so paid, is conflicting, and if some of it was believed by the jury, and the payments had been credited on the note, the verdict would be too large.

Promissory notes. New trial. Before Judge UNDER-WOOD. Bartow Superior Court. January Term, 1878.

Reported in the opinion.

W. T. Wofford; A. Johnson, for plaintiff in error.

Stansell & Wofford; Dabney & Fouche, for defendants, cited 27 *Ga.*, 239; 55 *Ib.*, 200; 50 *Ib.*, 634, 722; 20 *Ib.*, 568.

Jackson, Judge.

This was a suit on a promissory note against several defendants, by which they jointly and severally promised to pay the plaintiff $4,181.00. The jury found for the plaintiff $2,908.72, and the plaintiff moved for a new trial on the ground that the verdict was not large enough, and was against law, and unsupported by evidence, for the sum rendered in the verdict. The presiding judge overruled this motion and the plaintiff brings the case here for review.

The plea of defendants mainly relied upon was payment of the note, and some complaint was made that under the general allegation by one defendant that the note was paid, evidence was inadmissible to show payments made by other defendants, but no error is assigned upon this point, nor is it a ground set out in the motion for a new trial.

If it were, there is nothing in it; because if plaintiff got his money from any one or more of defendants, he would have no right to recover it out of the others. Those who had paid it might sue for contribution, but as to the payee the note would be dead.

So that the question is reduced to the point, is there evidence to sustain the verdict? That is mainly matter of calculation. Some payments were made on the note by some of the makers, and with the understanding that these payments should go when made to their *pro rata* share of the note, and their entire *pro rata* of principal and interest was paid off.

Counsel for plaintiff insists that these payments should be applied to interest alone; as the interest is not all paid

off yet, or not a great deal over it; while the defendants say that as it was agreed that these payments should go to the *pro rata* share of those who paid their share, they ought to be counted and calculated as principal as well as interest—that is, when made they extinguished interest of the share up to the time of payment, and then the principal of the share paid. The general rule undoubtedly is, that payments are first applied to interest before any of the principal debt can be extinguished; but we think that where the payee agrees to receive the money to extinguish shares of principal and interest both, then the rule ought to be the other way. True, the plaintiff refused to relieve any defendant, but that was probably because the others might be thereby discharged; but he did agree to receive shares and credit the note with the shares so received. And we think this agreement meant to apply the payments made under it to principal as well as interest.

Counting the payments and crediting the note in this way, the verdict is right in the most favorable view of the evidence for the plaintiff.

Taking some of the evidence as true, and the verdict may even be too large, because there is evidence that all of the six makers, except one, had paid their shares. In any event, the presiding judge was satisfied with the finding. We think there is enough evidence to uphold it, and decline to interfere with his discretion in overruling the motion. See *Dacy vs. Gay*, 16 *Ga.*, 204.

Judgment affirmed.