## CENTRAL GEORGIA POWER COMPANY *v.* CORNWELL.

LUMPKIN, J. 1. The charge complained of in the first ground of the amendment to the motion for a new trial, standing alone, was not an accurate statement of the contention of the condemnor, in saying that it contended that the amount of the award was just and adequate compensation "for the property taken by it," while the property owner contended that the amount fixed by the assessors was too low, and that she was entitled to recover a larger sum for the actual and consequential damages sustained by her. But when this statement is taken in connection with its context, where the presiding judge informed the jury as to the origin and nature of the proceeding, that the trial in the superior court was a de novo investigation, and that the jury should not be influenced one way or the other by the award which had been made, and instructed them as to the elements of recovery which they might consider, there is no probability that the jury were misled by the use of the expression, "for the property taken by it," in stating the contention of the condemnor, which had paid or tendered the amount of the award, from which award the property owner had entered an appeal to the superior court.

2. Where, on the trial of an appeal from the award of the assessors in a condemnation proceeding by an electric-power company, counsel for the condemnee, in his opening statement to the jury, said that the plaintiff (condemnor) "had robbed the defendant of her home," whereupon counsel for the condemnor objected to the statement and moved the court to rebuke counsel and to declare a mistrial; and where the presiding judge

instructed the jury that the statement was not proper, and that they should not consider it, and counsel for the condemnee, who made the statement, withdrew it and apologized to the court, there was no error in refusing to grant a mistrial.

3. There was no error in excluding evidence that a witness, who testified on behalf of the condemnee and gave his opinion as to the value of the land taken and the extent of the consequential damage done, had formerly been chosen by the son of the condemnee as an assessor in a condemnation proceeding in regard to certain property of the son.

4. While a witness who is shown to be qualified to give an opinion as to values in a condemnation proceeding may testify as to the effect of the taking and using of that part of the land actually taken upon the remainder of the land, the value of the remainder of the land before such taking and thereafter, and other relevant facts tending to aid the jury in determining the amount of consequential damages, it is not competent for the witness to state in general terms that he thinks 'a named amount would probably be a fair estimate of the consequential damages to the land not taken. Accordingly there was no error in rejecting such a general estimate of damages.

5. There was no evidence which showed that a particular estate in favor of another had been carved out of the fee owned by the condemnee, or which required a submission to the jury of the question whether the amount of the recovery by the condemnee should not be lessened by reason of the ownership of such particular estate by another and any right on his part to recover for damages thereto.

(a) The mere institution of a suit against the present condemnor by another, claiming that he was a tenant of the present condemnee, and that his rights as such had been injuriously affected by the erection of the condemnor's dam and the occupation of the land of the present condemnee, which had been taken for the purpose of a reservoir, did not show the correctness of such allegation, or require a submission to the jury of the question as to whether a particular estate had been carved out of the fee, so that the damages which might be awarded in favor of the owner of the ultimate fee should thereby be lessened.

6. Under the facts of the case, there was nothing in the ninth ground of the motion for a new trial which requires a reversal.

7. The verdict was authorized by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 12, 1915.

Condemnation of land. Before Judge James B. Park. Jasper superior court. September 17, 1913.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff.

*W. S. Florence,* for defendant.