44502.   STATE HIGHWAY DEPARTMENT v. SMITH.

ARGUED JUNE 2, 1969—DECIDED SEPTEMBER 29, 1969—
REHEARING DENIED OCTOBER 22, 1969—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, D. Field Yow, L. Clifford Adams, Jr., Deputy Assistant Attorneys General,* for appellant.
   *Kenneth E. Goolsby, W. Tom Veazey, E. Purnell Davis,* for appellee.

QUILLIAN, Judge. ■ The appellant contends that the trial judge erred in overruling its motion to disqualify Honorable Kenneth E. Goolsby as counsel for the condemnee because he was Solicitor General of the Toombs Judicial Circuit. The appellant argues that under Article VI, Section XI, Paragraph II (*Code Ann.* § 2-4602) of the Constitution of the State of Georgia the solicitor general has a constitutional mandate and duty to represent the State of Georgia in all cases in the superior courts. With this contention we cannot agree. In *Malcolm v. Webb,* 211 Ga. 449, 453 (86 SE2d 489), it was held: "The plaintiff, Paul Webb, in his official capacity as Solicitor General of the Atlanta Judicial Circuit, was not authorized to maintain the present suit. The solicitor general's duties, insofar as civil litigation is concerned, are defined by statutes. *Code* §§ 24-2908 (5, 9, 10) and 72-202, which authorize him to prosecute or defend any civil action in which the State is interested, unless otherwise specially provided for. . ."

This action was brought by the State Highway Department. *Code Ann.* § 40-1614 (Ga. L. 1943, pp. 284, 285; 1966, pp. 43, 45) states: "The Department of Law is hereby vested with complete and exclusive authority and jurisdiction in all matters of law relating to the executive branch of the Government and every department, office, institution, commission, committee, board and other agency thereof. Every department, office, institution, commission, committee, board and other agency of the State Government is hereby prohibited from employing counsel in any manner whatsoever unless otherwise specifically authorized by law." Therefore, it is clear that in condemnation cases which are brought by the State Highway Department it is "otherwise specially provided for" that the Department of Law and not the solicitor general, now district attorney, shall prosecute such actions.

We point out that the Act of 1968 relative to solicitors general (now district attorneys) is not controlling. The Act prohibits a solicitor from engaging "in the private practice of law except to the extent necessary to complete pending matters acquired by him prior to receiving said annual salary." (Ga. L. 1968, pp.

992, 994). The matter herein involved was antecedent to the 1968 Act and was pending at the time of the Act's approval.

■ Enumeration of error number 2 complains that the trial judge's overruling of the motion to disqualify Mr. L. R. Griffin as a juror was error. The record discloses that the juror was the condemnee in a condemnation proceeding then pending in Warren Superior Court which had been brought by the State Highway Department of Georgia. In *Austin & Ellis v. Cox*, 60 Ga. 520, 522; it is held: "A pending suit between the plaintiffs and a juror, involving like issues as the one about to be tried, would work disqualification; but a past suit would not." This ruling in the *Cox* case is recognized in adjudged cases from other jurisdictions. "Independently of statute, a juror is incompetent on the ground of bias if he is a party to, or is interested in, another civil suit or criminal proceeding of the same character or involving the same controversy." 31 AmJur 150, Jury, § 173. See 50 CJS 978, Juries, § 230; Alexander v. Grier & Sons Co., 181 Md. 415 (30 A2d 757); Jeffries v. Randall, 14 Mass. 205; Stennett v. City of Bessemer, 154 Ala. 637 (45 S 890); Jefferson County v. B. C. Lewis & Sons, 20 Fla. 980, 999; May v. Elam, 27 Iowa 365; International Agricultural Corp. v. Willette, 120 Maine 423 (115 A 170); Wilder v. Louisville R. Co., 157 Ky. 17 (162 SW 557); Durham v. State, 182 Tenn. 577 (188 SW2d 555). Under that which was held in the *Cox* case the juror was disqualified as a matter of law and it was error to overrule the appellant's motion.

The appellee contends that the juror would not be disqualified because the property of Mr. Griffin that was being condemned was farm land where the property in the case sub judice was a house and lot. With this contention we cannot agree. These facts show that the cases involve the like issue of what is just and adequate compensation for the property condemned for highway purposes.

■ The third enumeration of error states that the court erred "in charging the jury on the principle of enhancement in value due to the announcement of the public improvement." This enumeration of error is without merit. The charge was correct and authorized by the evidence.

■ There remains the question of whether the verdict was authorized by the evidence. The jury returned the verdict in the amount of $10,540. The condemnee testified that he placed a value of $8,000 on the property. Richard Miller testified that in his opinion the condemned property's highest and best use would be to locate a filling station thereon. He stated that in his opinion the property was worth $8,450. He further stated that since the highest and best use of the property was for a filling station the house located thereon was worthless in arriving at value of the real estate. He did testify that if the front-foot method were to be used in appraising the property the value would be $11,200. However, he stated that he did not use the front-foot method. Mr. Force testified that the house on the property was worth $3,550 and that the entire property, both house and lot, had a value of $4,127. Therefore the highest value placed on the condemned property by any of the witnesses was $8,450 and a verdict in excess of that amount was not authorized.

The appellee contends the verdict was authorized because Mr. Force testified that the house located on the condemned property was worth $3,550 and Mr. Miller had testified that he placed the value of the land at $8,450 exclusive of the house. However, as stated above Mr. Miller testified that he placed no value on the house because the highest and best use of the property was for a filling station to be located on the property. It is true that if by any one calculation authorized by the law and evidence the verdict can be sustained this court will not control the trial judge's discretion in overruling the motion for a new trial. *Donaldson v. Cothran,* 60 Ga. 603 (1). However, the two different methods used by the witnesses in arriving at their opinion as to the value of the property are not compatible and therefore the jury would not have been authorized to take the value of the house as stated by Mr. Force and add it to the total amount Mr. Miller had appraised the property to be worth.

*Judgment reversed. Pannell and Deen, JJ., concur.*