## 68705. COBB COUNTY v. CRAIN.
(323 SE2d 890)

CARLEY, Judge.

Appellant-condemnor appeals from the judgment entered on a jury verdict in favor of appellee. The only issue on appeal is whether the trial court properly denied appellant's motion for a partial directed verdict and permitted the jury to consider the matter of business losses as a separate item of damages.

Where, as here, a landowner operates his business upon property which is condemned, "total destruction of the business at the location must be proven before business losses may be recovered as a separate element of compensation. [Cit.] . . . [B]usiness losses are recoverable as a separate item only if the property is 'unique.' [Cits.]" *Dept. of Transp. v. Dixie Hwy. Bottle Shop, Inc.,* 245 Ga. 314, 315 (265 SE2d 10) (1980). Whether a particular piece of property is unique is ordinarily a question for the jury. *Dept. of Transp. v. Dixie Hwy. Bottle Shop,* supra; *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482 (241 SE2d 599) (1978). A directed verdict as to such an issue is proper only where, construing the evidence most strongly against the movant, there is no conflict in the evidence and the evidence presented, together with all reasonable deductions or inferences therefrom, demands a particular verdict. *Carver v. Jones,* 166 Ga. App. 197 (303 SE2d 529) (1983).

The evidence in the instant case showed that appellee owned and operated an automobile body repair shop on the property which was taken by appellant. The shop was located two blocks from the square in the city of Marietta, and northbound traffic on one of the main

arteries in Marietta went directly past the business. Most of appellee's customers were from the surrounding area, and he did a substantial amount of business with various departments of the Cobb County government.

After appellee's property was condemned, he attempted to acquire another suitable site to relocate his business. His efforts to obtain such a site in the same general area were unsuccessful, and he ultimately moved his body shop to Paulding County. As a result of that move, appellee lost the business he had been doing with various Cobb County governmental units, and he lost many of his other customers as well. A short time thereafter, appellee went out of business altogether.

In the case at bar, as in *City of Atlanta v. Hadjisimos*, 168 Ga. App. 840, 841 (310 SE2d 570) (1983), "[e]vidence was presented . . . to show the uniquely advantageous location of the property, its particular suitability for the auto repair business, and the importance of the condemned property to the continued financial well-being of the business. This evidence was sufficient to raise the issue of uniqueness . . . . [Cit.]" Accordingly, the trial court did not err in denying appellant's motion for a partial directed verdict.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 15, 1984.

*Dana L. Jackel*, for appellant.
*Judson R. Knighton*, for appellee.