A92A1296. TAYLOR v. JONES COUNTY.
(422 SE2d 890)

BEASLEY, Judge.

Jones County condemned Taylor's tract of land for the Town Creek Reservoir, a joint project of the county and the Macon-Bibb County Water and Sewage Authority. The county used its power of eminent domain to secure property and the Authority bore the costs and expenses. A special master was appointed and both parties appealed his award to superior court, pursuant to OCGA § 22-2-112. Taylor is dissatisfied with the jury award.

1. He contends that the trial court erred in granting the county's motion in limine prohibiting him from introducing evidence that the Authority and not the county was the party providing funds for the condemnation.

By analogy to the principle that neither indemnification of the plaintiff nor the defendant by a collateral source is admissible in evi-

dence, see *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42-43 (402 SE2d 269) (1991), the county argued that the identity of the payor is irrelevant to the issue of the fair market value of the property, and that it would prejudice the county for the jurors to consider the award *not* being paid for by county taxpayers. Taylor argued that it would prejudice him for the jurors, in error, to consider the award as *being* paid for by them as taxpayers. The court ruled that the identity of the payor was not an issue and should not be commented upon.

The motion in limine lay within the discretion of the trial court, considering the nature of the evidence as related to the issues. It was not an abuse of discretion to grant it. Cf. *Canada West, Ltd. v. City of Atlanta*, 169 Ga. App. 907, 913 (8) (315 SE2d 442) (1984), involving the addition of the ultimate transferee as a party under OCGA § 9-11-25 (c).

2. Taylor contends that the trial court erred in denying his motion to correct the county's opening statement that, "What is the fair market value of his property? That's what he's entitled to. That's what the county wants to pay."

Acknowledging that this statement was a "slip of the tongue," Taylor did not object to it until after the second witness had testified on direct examination. The trial court denied the objection, on the ground that it would do more harm than good to call the jury's attention to it at that point. This matter, too, is addressed to the discretion of the trial court, and we find no abuse. See *Shannon v. Kaylor*, 133 Ga. App. 514 (1) (211 SE2d 368) (1974).

3. The heart of the case is whether the trial court erred in refusing to allow Taylor to present evidence that the condemnation resulted in business losses, including expenses for the removal of business equipment. Also enumerated as error is the court's refusal to charge the jury concerning its calculation of damages when there is a taking of land on which a business is conducted.

Taylor owns Ken Taylor Electric. His advertised business address is in Macon. Taylor called an expert witness who testified to the fair market value of his house and surrounding acreage as residential property. He was not permitted to introduce evidence that he stores business equipment, inventory, and files in one of the rooms in his residence; he rents one of the rooms for residential purposes; he receives business calls at his residence and meets with his employees there; he parks semi-trailers used in his business on his land and stores scrap material there; he is entitled to use his property for these non-residential purposes, because he was using the property for such purposes when residential zoning restrictions were enacted, and it has been "grandfathered"; given the property's special zoning status and its proximity to the Macon business district, it is unique; as a result

of losing this property for its dual residential-business use, he will have to purchase separate residential and commercial tracts; he will incur a net business loss of approximately $60,000 to $70,000, as well as $1,500 in expenses for moving business equipment.

A person who conducts an established business in a location which cannot be duplicated suffers a loss which is particular and unique, with the result that the market value of the property does not represent just and adequate compensation. *Heilman v. Dept. of Transp.*, 162 Ga. App. 547, 548 (1) (290 SE2d 189) (1982); but compare *Almond v. MARTA*, 161 Ga. App. 363, 365 (2) (288 SE2d 129) (1982) (holding that difficulty in replacing a location is not a test of "uniqueness"). If the business property is unique, and there is a total destruction of the business at the site condemned, the condemnee is entitled to compensation for business losses as a separate element of compensation. *Cobb County v. Crain*, 172 Ga. App. 594 (323 SE2d 890) (1984).

Aside from issues concerning the unique relationship between a business and condemned property in order to recover business damages, the property owner may recover compensation for the value of his property where the property has a unique value to him such that fair market value does not represent just and adequate compensation. Pursley, Ga. Eminent Domain, §§ 5-12; 6-3 (1982). Value to the owner means pecuniary value and not sentimental value. Although the location of the property is a factor in determining its value, the fact that the condemnee lives near the property is not relevant. Unique value is based on the characteristics of the land, and the use of the land by the owner, but not the characteristics of the owner. Id. at § 6-3.

The valuation of condemned property according to its unique or peculiar value is an alternative to valuation based on fair market value. *Department of Transp. v. Vest*, 160 Ga. App. 368, 370 (2) (287 SE2d 85) (1981). Consequently, the condemnee is not entitled to present witnesses to testify to the valuation of the condemned property under both methods. See *State Hwy. Dept. v. Smith*, 120 Ga. App. 529, 532 (4) (171 SE2d 575) (1969); see also *Department of Transp. v. Willis*, 165 Ga. App. 271, 272 (2) (299 SE2d 82) (1983).

Taylor was not conducting an established business on the condemned property, as must be shown in order to recover for business losses. *Department of Transp. v. Morris*, 194 Ga. App. 813 (2) (392 SE2d 291) (1990); *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884) (1966). Except for using his land to park business vehicles and store scrap material, he did not use it for business purposes to any greater extent than any homeowner could incidentally use his residence for such purposes. His business was located elsewhere. Although he might have sought to show that, given his uses of the property because of its special zoning status it was worth more to him

than its fair market value as a residence, he was not entitled to prove both its residential fair market value and present evidence of business losses and expenses as a separate element of compensation.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 — 

*Bush, Crowley, Leverett & Johnson, J. Wayne Crowley,* for appellant.

*Groover & Childs, Frank H. Childs, Jr., Mathis, Jordan & Adams, Virgil L. Adams,* for appellee.