A01A2452, A01A2454. IDEAL LEASING SERVICES, INC.
v. WHITFIELD COUNTY; and vice versa.
(562 SE2d 790)

POPE, Presiding Judge.

This is a condemnation case. Ideal Leasing Services, Inc. owned a 5.3-acre property in Whitfield County which it leased as a trailer truck repair facility. The County decided to extend a road through a portion of Ideal's property, and on January 16, 1997, the planning engineer overseeing the acquisition of property for the road visited Ideal's offices. The engineer met with two of Ideal's officers and told them about the County's plan to expand the road and proposed terms for the acquisition of the property.

On July 28, 1997, Ideal filed an action against the County with the United States District Court for the Northern District of Georgia. In the action, Ideal claimed damages from the announced condemnation of the property and also requested injunctive relief against the condemnation. By its resolution of September 9, 1997, the Board of Commissioners of Whitfield County took official action to acquire a portion of Ideal's property through its power of eminent domain. The County filed "A Petition to Condemn before Special Master" with the superior court on October 13, 1997. Due to the pendency of the federal action, the superior court stayed the condemnation proceedings at the County's request.

The district court granted summary judgment to the County on all issues in the federal action, and its judgment was affirmed by the Eleventh Circuit Court of Appeals on January 29, 1999, which ruled that the County's "announcement of a future condemnation" did not create a constitutional cause of action for damages. The stay of the special master proceedings was lifted on July 9, 1999. The matter went to jury trial on the issue of valuation on May 24 and 25, 2000, but the trial court subsequently granted the County's motion for a new trial. The case was retried, and on April 18, 2001, the jury returned a verdict of $160,000 as just and adequate compensation for the taking of Ideal's property. Judgment was entered on the jury's verdict on April 23, 2001.

In Case No. A01A2452, Ideal appeals the April 23, 2001 judgment, and in Case No. A01A2454, the County also appeals the April 23, 2001 judgment, as well as the trial court's order denying its subsequent motion for a new trial. For reasons discussed below, we affirm in both cases.

### Case No. A01A2452

Ideal claims that the condemnation action brought by the County was an unpled compulsory counterclaim in the previous federal proceeding and thus barred as res judicata. We disagree.

Both federal and state law require that "[a] pleading . . . state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." OCGA § 9-11-13 (a); Fed. R. Civ. P. 13 (a). Furthermore, both federal and state courts employ the "logical relationship" test in determining whether a counterclaim is compulsory.

*Willis v. Nat. Mtg. Co.*, 235 Ga. App. 544, 546 (1) (509 SE2d 403) (1998) (physical precedent only).

Setting aside the question of whether the federal district court had subject matter jurisdiction over the state law condemnation matter, the County was not required to file its action to condemn the property as a counterclaim in the federal action because the counterclaim did not bear a logical relationship to the issues raised in the federal action. "The logical relationship test 'requires a determination of "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."'" (Citations omitted.) *Bigley v. Mosser*, 235 Ga. App. 583, 585-586 (509 SE2d 406) (1998) (physical precedent only).

The issue in the federal action was the announced condemnation of the property and a request for an injunction against the condemnation. The primary issue in a special master condemnation proceeding is the just and adequate compensation to be paid to the owner of property to be condemned for a public purpose. See OCGA § 22-2-109. The "transaction or occurrence" that was the focus of the federal action was the County's action in "announcing" a condemnation. In contrast, the state suit concerned the taking aspect of the action. State condemnation proceedings focus on (1) the market value of the property at the time of taking, and (2) the consequential damages of the taking to the remainder of the owner's property. See *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980).

We have previously held that a claim for consequential damages to the remainder of property taken in a condemnation proceeding, but based on negligent construction as opposed to the damages naturally arising from the taking of the property, could not be considered in the condemnation proceeding, but must be asserted in a separate suit for damages. *McArthur v. State Hwy. Dept.*, 85 Ga. App. 500 (69 SE2d 781) (1952); see also *BIK Assoc. v. Troup County*, 236 Ga. App. 734, 736 (3) (a) (513 SE2d 283) (1999). It follows that a claim focusing upon whether the actions of the County violated Ideal's constitu-

tional rights, such as in the federal suit Ideal filed, is a separate matter from an in rem proceeding in which the central question is the compensation for the taking of property. It follows further that, as there is no logical relationship between the two actions such that they should be resolved in one lawsuit, the condemnation proceeding would not be a compulsory counterclaim to the federal suit. The condemnation was not res judicata, and the trial court did not err in so ruling.

In view of our ruling in Case No. A01A2454, Ideal's additional enumerations of error are moot.

### Case No. A01A2454

The County claims the trial court erred in denying its motion for a new trial because the jury's judgment of $160,000 was excessive and contrary to the evidence. We disagree. The County took 1.7 acres of 5.3 acres of land belonging to Ideal. The measure of just and adequate compensation for the taking is "first, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned." (Emphasis omitted.) *Simon v. Dept. of Transp.*, 245 Ga. at 478. We find there is evidence which would support the jury's total award based on the two elements of damages.

Absent compelling evidence, we will defer to the ruling of the trial court on a motion for new trial based on inadequate or excessive damages. *Moody v. Dykes*, 269 Ga. 217, 222 (6) (496 SE2d 907) (1998). "The trial court's decision on a motion for a new trial will be upheld on appeal unless it was an abuse of discretion." *Lisle v. Willis*, 265 Ga. 861, 864 (3) (463 SE2d 108) (1995).

Testimony showed that, because of storage needs, a truck repair facility requires at least five acres of contiguous land to be economically viable, and that by taking a portion of Ideal's property, the remaining property would no longer be suitable for use as a truck repair facility. Ideal presented the testimony of certified general appraiser Jim Leonard, who testified that he used the income approach in valuing the consequential damages to the remainder of Ideal's property by comparing the rental value of a truck repair facility and the rental value of similar nontruck repair facilities. He found the consequential damages were $77,500. Leonard valued the 1.7 acres taken by the County at $42,500 in total, or $25,000 per acre. The County contends that total damages of $120,000, as indicated by Leonard's testimony, are the highest damage award allowed by the evidence, and that there is no evidence to support the jury's award of

$160,000. We agree with the County that, while a jury is not absolutely bound to the testimony of experts in determining market value, neither can the jury "be left to roam without any evidence in the ascertainment and assessment of damages." *Municipal Elec. Auth. &c. v. Anglin*, 180 Ga. App. 600, 601 (349 SE2d 546) (1986). However, $120,000 is not the largest damage amount discernible from the evidence.

Ideal presented the testimony of Jennifer Blount, a vice-president of Ideal. Counsel established that she was familiar with real estate values in the Dalton area, and then the following exchange occurred, without objection: "Q: Do you have an opinion of the value of the taking? A: Yes, sir. I don't know why it wouldn't be worth $45,000 an acre." The County argues that the jury was not authorized to combine Blount's value for the property taken by the County, which equaled $76,500 for the 1.7-acre tract, with Leonard's valuation of the consequential damages to the remainder of Ideal's property. The County argues that Blount's testimony did not constitute an opinion of value, and that Blount's testimony cannot be combined with Leonard's testimony because his method of valuation is not compatible with Blount's. We disagree.

Counsel asked Blount if she had an opinion as to the value of the property taken. She said that she did. Blount then makes a statement which, in the context given, could be reasonably interpreted by the jury to mean that she valued the land taken at $45,000 an acre. The County refers us to *Central Ga. Power Co. v. Cornwell*, 143 Ga. 9, 10 (84 SE 67) (1915), in which our Supreme Court ruled that the trial court did not err in rejecting the testimony of a witness as to consequential damages which was a statement "in general terms that he thinks a named amount would probably be a fair estimate of the consequential damages to the land not taken." Here, however, Blount's testimony was not excluded, and the question is not, as in *Cornwell*, whether the trial court erred in a decision related to the admission of evidence on consequential damages, but whether the admitted statement could be properly considered by the jury in determining the market value of the land actually taken.

The County also contends that the jury was not allowed to combine Blount's valuation of the property taken with Leonard's valuation of consequential damages to the remainder of the property to arrive at a general verdict for adequate compensation. The County claims that the two values are incompatible and combining them amounts to mixing "apples and oranges." We conclude that the valuations are independent. Reviewing the methodology for Leonard's valuation of consequential damages, it appears that the damage estimate stands alone and was calculated independently of his valuation of the land actually taken. In other words, Leonard's valuation of

consequential damages was not so intertwined with his opinion as to the value of the property actually taken that the two amounts could only be considered together.

Other authority relied upon by the County can be distinguished on the facts. In *State Hwy. Dept. v. Smith*, 120 Ga. App. 529, 532 (171 SE2d 575) (1969), we held that the verdict could not be sustained by the evidence because the result required combining two incompatible measures of valuation of the same property, one which included the value of a home and the other which valued the property for commercial use and expressly assigned no value to the residence. Id. at 532 (4). In *Taylor v. Jones County*, 205 Ga. App. 628 (422 SE2d 890) (1992), we held that an owner was not entitled to prove, as just and adequate compensation for the taking of property, the residential fair market value of the property and also present evidence of business losses and expenses associated with the property as a separate element of compensation. Id. at 630-631 (3). Here, the evidence presented does not require the jury to reach the verdict by combining incompatible testimony within the same class of damages. The value of the land actually taken is a separate question from the consequential damages of that taking to the remainder of the property, and it is not necessarily inconsistent to value the land taken using comparable sales, as Blount does, and the consequential damages to the remainder of the property using an income method of valuation, as Leonard does. Considering both the testimony of Blount and Leonard, the verdict of the jury is within the range of the evidence, and accordingly the trial court did not err in denying the County's motion for a new trial.

Ideal asks us to assess a penalty against the County for filing a frivolous appeal. Inasmuch as the appeal was not frivolous, we decline to do so.

*Judgments affirmed. Blackburn, C. J., and Mikell, J., concur.*

Decided March 21, 2002.

*John T. Longino*, for appellant.

*McCamy, Phillips, Tuggle & Fordham, James H. Phillips, Charles L. Daniel III, Daniel T. Strain, Jr.*, for appellee.