**In the Matter of Grady Carlton COLLETT, Elizabeth Ann Collett, Debtors.**

**Grady Carlton Collett, Elizabeth Ann Collett, Plaintiffs,**

**v.**

**Chatham County, Defendant.**

**Bankruptcy Nos. 02–40000, 02–3224 BKC 0B7.**

**Adversary No. 02–4158.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

April 4, 2003.

Henry Morgan, Savannah, GA, for Plaintiffs.

Emily Garrard, Chatham County Attorney, Savannah, GA, for Defendant.

### ORDER DISMISSING DEBTOR'S PETITION IN EQUITY

LAMAR W. DAVIS, JR., Bankruptcy Judge.

Grady Carlton Collett and Elizabeth Ann Collett ("Debtors"), the Movants in this adversary proceeding, are debtors in a Chapter 7 bankruptcy case filed and currently pending in the Middle District of Florida. They filed an adversary complaint in the Bankruptcy Court for the Southern District of Georgia seeking relief in the form of an order compelling Chatham County, Georgia ("the County") to condemn certain real property in Debtors' bankruptcy estate at a fair market value to be determined by this Court. Because granting the relief requested would require this Court to exercise jurisdiction over property of the bankruptcy estate, which jurisdiction is reserved exclusively to the Middle District of Florida, this proceeding will be dismissed.

### BACKGROUND

The facts as alleged are as follows. In March 2001 Debtors requested that the County purchase their property at 1273 Beckmann Avenue ("the Beckman Property") through its early acquisition procedures pursuant to the County's multi-phased construction of the Truman Parkway in Savannah, Georgia. The parties entered into negotiation. Debtors rejected the County's offer, which was approxi-

mately $200,000 less than the combined debt in the two mortgages encumbering the Beckman Property. The County withdrew its offer and has, since that time, refused to negotiate further or to proceed with condemnation.

On November 30, 2001, Debtors filed a Chapter 13 bankruptcy petition in this Court, and on January 11, 2002, they filed an adversary proceeding seeking an order to compel the County to condemn the Beckman Property. After this Court had denied their request for a temporary restraining order, Debtors voluntarily dismissed that proceeding. On February 11, 2002, Debtors' underlying Chapter 13 case was dismissed. Seven weeks later, on April 1, 2002, Debtors' filed for Chapter 7 relief in the Bankruptcy Court for the Middle District of Florida. *See* Chapter 7 Case No. 02–03224 BKC 0B7.

On November 27, 2002, Debtors filed in this Court an adversary proceeding in the form of a complaint styled "Petition in Equity." The County timely filed a Motion to Dismiss. At a pre-trial hearing held on January 16, 2003, the Court invited the parties to submit letter briefs regarding the County's Motion to Dismiss. Both parties submitted briefs.

Debtors submitted, along with their brief, a "Recast Petition/Bill in Equity" ("the Amended Complaint"). The County timely filed an objection to the Amended Complaint pursuant to Bankruptcy Rule 7015 [1] and moved to dismiss under Federal Rule 12(b)(6).

## DISCUSSION

The United States Code vests original and exclusive jurisdiction of all cases under title 11 in the district courts of the United States, 28 U.S.C. § 1334(a), and original and exclusive jurisdiction in the district court in which the case is commenced or is pending (the "home court") of all property of the bankruptcy estate and of all a debtor's property, wherever located, as of the date of filing, *id.* § 1334(e). Here, Debtors filed their title 11 case under Chapter 7 in the Middle District of Florida. That district thus has exclusive jurisdiction over the property of Debtors' bankruptcy estate.

In that "property of the estate" includes all legal or equitable interests of the debtor in property as of the commencement of the case and any interest in property that the estate acquires after the commencement of the case, 11 U.S.C. § 541(a)(1) & (7), the instant proceeding is clearly an action that is *includable* within the jurisdiction of the home court. "Property" is not defined in the Bankruptcy Code, but courts have concluded that causes of action inherited by the estate at filing are includable within the meaning of "property of the estate." *See Cabral v. Shamban (In re Cabral)*, 285 B.R. 563, 579 n. 6 (1st Cir. BAP 2002) (noting that property of estate includes debtor's claim for personal injuries whether claim is unliquidated or settled at time bankruptcy petition is filed); *In re Furgeson*, 263 B.R. 28, 33–34 (Bankr. N.D.N.Y.2001) ("Congress intended the

1. The County's objection to the Amended Complaint is not well-founded. A party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a); Fed. Bankr.P. 7015 (making Rule 15 applicable in bankruptcy adversary proceedings). For purposes of Rule 15, the term "responsive pleading" does not include a motion to dismiss. *Brewer-*

*Giorgio v. Producers Video, Inc.,* 216 F.3d 1281, 1284 (11th Cir.2000).

Here, the County's first and only response to Debtors' Complaint was a motion to dismiss under Federal Rule 12(b)(6). That response was not "a responsive pleading" the filing of which forecloses Debtors' right to amend their Complaint one time as permitted in Rule 15.

scope of § 541 to be broad enough to include causes of action accruing to the debtor and claims by the debtor against third parties."); *Gouveia v. I.R.S. (In re Quality Health Care),* 215 B.R. 543, 560 n. 10 (Bankr.N.D.Ind.1997) ("Every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative is within the reach of § 541.").

■ However, 28 U.S.C. § 1334(b) provides that civil *proceedings* in bankruptcy cases are subject to the jurisdiction of the "district courts," not solely the *home* district court. The question, therefore, is whether *all* proceedings are "property of the estate" within the meaning of § 1334(e). "Proceedings" are addressed in § 1334(b), whereas "property" is addressed in § 1334(e). Of those two subsections, only (e) confers jurisdictional *exclusivity.* It appears, therefore, that not all adversary proceedings are, *per se,* "property of the estate" within the meaning of that phrase as used in § 1334(e) for jurisdictional exclusivity. Rather, the proper focus of inquiry is the nature of the proceeding and the relief sought. For the reasons below, I conclude that some bankruptcy proceedings may properly be decided outside the home court district so long as the "outside court" does not exercise *in rem* jurisdiction over real estate or personal property of the bankruptcy estate.

Courts have noted that jurisdiction in bankruptcy proceedings may be exercised by courts other than the home court. *See Blachy v. Butcher,* 221 F.3d 896, 909 (6th Cir.2000) ("[A] bankruptcy court can share its jurisdiction with other courts."); *Bank United v. Manley,* 273 B.R. 229, 247 (N.D.Ala.2001) ("Jurisdiction is shared between home courts and other courts, leaving the adjudication of certain claims to either."); *cf. also Lee v. Miller,* 263 B.R. 757, 761 (S.D.Miss.2001) (harmonizing § 1334(e) with § 1334(b) and 1452(a) and stating: "[T]his court is not persuaded that the strictures of § 1334(e) preclude abstention and remand; rather, this court is convinced that § 1334(e) must be appropriately construed in consonance with the other bankruptcy venue provisions.").

Indeed, the text of certain venue provisions supports the notion that § 1334(e) does not preclude "outside" district courts from exercising original non-exclusive jurisdiction under § 1334(b) over numerous bankruptcy proceedings. Section 1409(a) and 1409(c) provide permissive venue for proceedings both inside and outside the home court,[2] sections 1409(b) and 1409(d) provide mandatory venue for certain proceedings outside the home court,[3] and section 1452(b) provides that a district court with jurisdiction under § 1334, to which civil claims related to a bankruptcy case

**2.** Section 1409(a) provides that proceedings "may be commenced" in the home court. 28 U.S.C. § 1409(a). Section 1409(c) provides that a trustee "may commence" a proceeding "in the district ... in which ... the debtor or creditors ... may have commenced an action on which such proceeding is based if the [underlying bankruptcy case] had not been commenced." 28 U.S.C. § 1409(c).

**3.** Those subsections provide:
(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than

$1,000 or a consumer debt of less than $5,000 *only in the district court for the district in which the defendant resides.*
. . .
(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor *only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.*
*Id.* § 1409(b), (d) (emphases added).

have been removed, to remand those claims on equitable grounds.[4]

28 U.S.C. § 1334(b) and (e) and the Title 28 provisions cited above can be harmonized by limiting the scope of "property" over which § 1334(e)'s exclusive jurisdiction applies and reading subsection (b) as applicable to all other proceedings, thus bringing them within the shared jurisdiction of district courts outside the home district.

■ The scope of "property" exclusively reserved to the home court has not been clarified by any circuit court; however, at least three district courts and several bankruptcy courts have addressed the issue in the context of proposed class actions. The District Court for the Northern District of Alabama, addressing the issue in the context of a class action, held in *Manley, supra,* that the scope of exclusive jurisdiction provided in § 1334(e) is limited to *in rem* jurisdiction over estate property. *Manley,* 273 B.R. at 247, 250 (adopting rule of *Noletto v. Nationsbanc Mortgage (In re Noletto),* 244 B.R. 845, 853 (Bankr.S.D.Ala.2000) ("§ 1334(e) is limited to giving the 'home court' exclusive jurisdiction over in rem matters.")); *accord Kerney v. Capital One Fin. Corp. (In re Klimczak),* 278 B.R. 457, 487–88 (Bankr. E.D.Tenn.2002). *But see Williams v. Sears, Roebuck & Co.,* 244 B.R. 858, 868 (S.D.Ga.2000) (holding no jurisdiction exists over members of proposed class whose bankruptcy "homes" are outside representative plaintiff's district); *accord Cline v. First Nationwide Mortgage Corp. (In re Cline),* 282 B.R. 686, 695–96 (W.D.Wash. 2002).

■ Here, Debtors request this Court to order Chatham County to condemn the Beckman Property. Am. Compl. ¶ 7. Assuming, arguendo, that such relief is legally supportable, issuance of such an order, which is in the nature of mandamus, would not constitute an exercise of *in rem* jurisdiction over estate property, but rather an exercise of *in personam* jurisdiction over the County. *Cf. Ideal Leasing Servs., Inc. v. Whitfield County,* 254 Ga.App. 397, 398–99, 562 S.E.2d 790, 792–93 (2002) (stating that federal action seeking injunction against condemnation was "a separate matter from an in rem [state condemnation] proceeding in which the central question is the compensation for the taking of property"). Thus, as explained above, jurisdiction and venue would be proper in this Court.

Debtors' motion, however, goes farther. Debtors' essential prayer for relief is that this Court also determine the fair market value of the Beckman Property. Compl. ¶ 7. To make that determination would be tantamount to exercising classic *in rem* jurisdiction over real property in the bankruptcy estate. *See Allan v. Allan,* 236 Ga. 199, 202, 223 S.E.2d 445, 449 (1976) (noting that land condemnation proceeding is "a classic 'in rem' proceeding"); *Ideal Leasing,* 254 Ga.App. at 398, 562 S.E.2d 790 ("The primary issue in a special master condemnation proceeding is the just and adequate compensation to the paid to the owner of property to be condemned for a public purpose."). Section 1334(e) clearly precludes this Court from exercising jurisdiction over real property in the estate of a bankruptcy case filed outside this District. *If* any federal bankruptcy court has the

---

4. Section 1452 provides in pertinent part:
    (a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

    (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.
    *Id.* § 1452(a), (b).

power to grant such relief in this case, it is the Bankruptcy Court for the Middle District of Florida by operation of § 1334(e).

Therefore, I hold that inasmuch as Debtors' Amended Complaint requests this Court to exercise *in rem* jurisdiction over real property of Debtors' bankruptcy estate, this Court does not have jurisdiction in this proceeding.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtors' Recast Petition/Bill in Equity, Adversary Proceeding Number 02–4158, is DISMISSED.