A03A0060. DEPARTMENT OF TRANSPORTATION v. FOSTER et al.

(586 SE2d 64)

PHIPPS, Judge.

The Georgia Department of Transportation (DOT) instituted this condemnation proceeding[1] to acquire 0.304 acres of a 4.004-acre tract owned by Alfred and Evelyn Foster, so that the road abutting the property could be widened from two to four lanes. Upon filing the declaration of taking, the DOT deposited $17,150 into court as the estimated compensation to be paid for the property. The Superior Court of Henry County thereupon entered judgment vesting title to the acreage in the DOT. The Fosters appealed the issue of valuation to a jury, which returned a $147,000 verdict in their favor. The DOT appeals entry of judgment on the verdict. Finding no merit in any of the DOT's claims of error, we affirm.

1. The DOT first contends that the superior court erred in denying its motion for a continuance and in substituting the temporary administratrix of the estate of Alfred Foster as a party to this action after Mr. Foster's death.

Alfred Foster died during the pendency of this litigation. As a result, the DOT filed a motion for a continuance of the jury trial. The court denied the motion and ordered Evelyn Foster substituted as a party defendant in her capacity as temporary administratrix of the estate of Alfred Foster (as no permanent administrator had yet been appointed).

___

[1] OCGA § 32-3-1 et seq.

The DOT argues that the temporary administratrix lacks standing to pursue this action, because a temporary administrator " 'takes no interest in land of the estate, and can not bring an action for its recovery or consent to such an action being brought.' [Cit.]"[2] But the condemnees in this case are not seeking to recover the land. Rather, they seek to recover just and adequate compensation for its taking. Title to the property was transferred to the DOT upon its filing of the declaration of taking and deposit of estimated compensation into court,[3] and is not an issue. The right to appeal the condemnor's estimate of just and adequate compensation is a chose in action for the recovery of personal property, i.e., money. Consequently, the temporary administratrix has standing as a party to this action.[4] Moreover, even if this was an action for the recovery of the land, it is undisputed that the Fosters owned the property as joint tenants with right of survivorship, so that no interest in the property vested in Mr. Foster's estate.

2. The DOT contends that the superior court erred in refusing to strike the testimony of the condemnees' expert witness, H. M. Bradford, because he employed an inconsistent appraisal methodology by valuing the structure on the land (a house) for residential purposes and then valuing the land for commercial purposes.

The subject property abuts Jonesboro Road in Henry County. In recent years, traffic along that road has increased markedly along with the growth of the county. At the time the property was taken, it was zoned agricultural/residential. Other land abutting the road in the area has, however, been developed for commercial purposes such as shopping centers and retail stores, and residences have been converted to commercial offices. The property is thus located in a transitional use area.

"The measure of just and adequate compensation for the taking is 'first, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned.' [Cit.]"[5]

Ken Cantrell was the DOT's witness on the issue of just and adequate compensation. He testified that three traditional approaches are used in appraising real estate: the cost approach (which bases valuation on the value of the land plus cost of improvements less depreciation); the income approach (typically used for valuation of

---

[2] *Bowman v. Bowman*, 206 Ga. 262, 266 (1) (56 SE2d 497) (1949).
[3] See OCGA § 32-3-7 (a).
[4] See OCGA § 53-6-31.
[5] *Ideal Leasing Svcs. v. Whitfield County*, 254 Ga. App. 397, 399 (562 SE2d 790) (2002).

income-producing properties); and the comparable sales approach (which bases valuation on sales of comparable properties). According to Cantrell, Henry County has recognized in its land use plan that the Fosters' property is best suited for commercial development. Therefore, Cantrell testified that the property's highest and best long-term use is commercial, although short-term residential usage is also indicated. Using six comparable properties in the vicinity (zoned commercial as well as residential), Cantrell valued the Fosters' land at $2.50 per square foot. Using the income approach, he concluded that the residence had a value of $25,400 when used for rental purposes. The 0.304 acres taken by the DOT did not include the residence.

Bradford also concluded that the highest and best use of the property would be commercial. At trial, Bradford acknowledged that Mrs. Foster wants to continue to use the house for residential purposes and that the property is suitable for such use. Based on the current agricultural/residential zoning of the property, Mrs. Foster's desire to continue to use it as a residence, and the fact that it has the potential to be zoned commercial, Bradford also valued the land at $2.50 per square foot (or $108,900 per acre). As comparable properties, he relied on two nearby agricultural/residential tracts that had sold for $2.64 per square foot and $2.07 per square foot and a third nearby commercial tract that had sold for $9.18 per square foot. Using a cost-less-depreciation approach, Bradford valued the house at about $113,340, so that his value of the entire tract was about $570,000 and his value of the 0.304 condemned acreage was about $33,100. Bradford's estimate of consequential damages to the remaining property was about $113,340, representing the value of the house. According to Bradford, the widening of Jonesboro Road would necessitate removal of the house. According to Cantrell, the house could still be used for rental purposes.

There is no merit whatsoever in the DOT's argument that Bradford's testimony should have been stricken because he employed a faulty methodology in valuing the subject property. Both Cantrell and Bradford used the comparable sales approach in valuing the land at $2.50 per square foot based on its current residential zoning classification in combination with the possibility and probability that it will be rezoned commercial. This was a proper appraisal methodology.[6] Neither Cantrell nor Bradford used the comparable sales approach in valuing the house. Cantrell used the income approach, and Bradford used the cost-less-depreciation method. Because the

---

[6] See *Unified Govt. of Athens-Clarke County v. Watson*, 276 Ga. 276-277 (577 SE2d 769) (2003).

valuations of the land and improvements were thus independent of one another, use of the different methods was appropriate.[7]

3. The DOT contends that the superior court erred in permitting Mrs. Foster to testify as to the sentimental value of the property and denying its motion for mistrial.

At the beginning of the trial, Mrs. Foster's attorney agreed not to present testimony concerning any sentimental value placed on the property by the condemnees. When Mrs. Foster took the stand, counsel asked her to recount the history of the property. She testified that she and Mr. Foster had lived there for about 46 years, and that their children had always enjoyed the home and socialized with their friends there. The DOT's attorney then objected to this line of questioning, and counsel for Mrs. Foster acceded to the objection. Counsel later elicited testimony from Mrs. Foster concerning a garden that had been on the property for as long as the Fosters had lived there. Counsel asked Mrs. Foster to describe "what it takes" to cultivate such a garden, and she began to describe the hard work put into the garden by Mr. Foster. The DOT objected, and the court sustained the objection because Foster had not sought to attach any separate monetary value to the garden. Because the DOT did not request a mistrial at the time that it made its objections, it may not now claim that the trial court should have declared a mistrial.[8]

4. The DOT contends that the superior court erred in denying its motion for mistrial because of testimony given by Mrs. Foster concerning pretrial negotiations.

Before trial, the court granted the DOT's motions in limine prohibiting introduction of evidence concerning pretrial settlement negotiations or argument that the DOT had acted in bad faith. At trial, Mrs. Foster testified that the DOT had refused to buy the house. The DOT objected and moved for a mistrial. The court did not find the comment so prejudicial as to necessitate a mistrial but agreed to give curative instructions. After the curative instructions were given, the DOT did not renew its motion for mistrial. Therefore, the DOT's contention that the trial court erred in denying its motion for mistrial is without merit.[9]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[7] Cf. *Ideal Leasing Svcs. v. Whitfield County*, supra; compare *Taylor v. Jones County*, 205 Ga. App. 628, 630 (3) (422 SE2d 890) (1992); *State Hwy. Dept. v. Smith*, 120 Ga. App. 529, 532 (4) (171 SE2d 575) (1969).

[8] *Whitt v. State*, 257 Ga. 8, 9 (2) (c) (354 SE2d 116) (1987).

[9] *Central of Ga. R. Co. v. Butts*, 211 Ga. App. 619, 622 (5) (a) (440 SE2d 218) (1993).

DECIDED JULY 14, 2003 —
RECONSIDERATION DENIED JULY 29, 2003.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Power & Futch, Warren R. Power, Jennifer N. Haskins, Anne W. Sapp*, for appellant.

*Smith, Welch & Brittain, A. J. Welch, Jr., William A. White*, for appellees.